(99 App. Div. 135)

## TURNER v. DEGNON McLEAN CONTRACTING CO.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. TRESPASSER—INJURY BY CONTRACTOR TO PERSON ON STREET.

A contractor, who, by a stone ejected by a blast set off by him while in the work of constructing a section of an underground railway in a street, injures a pedestrian lawfully using the street, is liable as a trespasser; he neither being an agent of the city, nor standing in the same position as it.

Laughlin and Hatch, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Claude L. Turner against the Degnon McLean Contracting Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Herman Aaron, for appellant.

Charles Caldwell, for respondent.

O'BRIEN, J. Upon this appeal the single question is whether the defendant was liable upon the theory of trespass. The verdict of the jury was conclusive upon the fact that the plaintiff, while lawfully using the public street, was struck by a stone ejected by a blast set off by the defendant in the work of constructing a section of the underground rapid transit railway at Forty-Second street. If the plaintiff had been on his own land, and had been injured from the same cause, the defendant's liability upon the theory of trespass would be established under the authority of St. Peter v. Denison, 58 N. Y. 416, 17 Am. Rep. 258. It was therein held (headnote) that:

"The casting of stone and earth by means of a blast from the bed of a canal upon the lands of an adjoining proprietor by a contractor with the state, engaged in the work of the Erie Canal enlargement, was a trespass; and, although the work was done without negligence, he was liable for the damage resulting."

So, too, it was held by this court in Wheeler v. Norton, 92 App. Div. 568, 86 N. Y. Supp. 1095, that a subway contractor, such as this defendant, who was engaged in excavating under a public highway, was liable for trespass, without proof of negligence, for breaking, by force of a blast, a water pipe in the street, which resulted in damage to adjacent premises by flooding. And in Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274, it was held (headnote) that:

"One who, for a lawful purpose and without negligence or want of skill, explodes a blast upon his own land, and thereby causes a piece of wood to fall upon a person lawfully traveling in a public highway, is liable as a trespasser for the injury thus inflicted."

In the Denison and the Norton Cases, supra, the injury was inflicted by trespass upon private property, whereas in the Dunham Case, supra, the trespass was by a private owner upon public property. It is contended by the defendant that the fact that here the injury was inflicted upon a pedestrian on a public highway by a contractor engaged in making a public improvement makes a distinction in principle. This contention it attempts to support by the argument that the contractor is in the same position and is entitled to the same immunity as would be the city of New York, were it doing the work without the intervention of a contractor.

It is unnecessary for us to go to the extent of holding that the city, were it conducting the work itself, would be guilty of trespass if it permitted stones to be cast upon a public street which the public was using, or that for the injury inflicted upon a passerby at a place removed from the line of work it would be liable. Much, however, might be said in favor of the view that the city, as contractor, with respect to injuries so inflicted, would be liable. It must be remembered that the control of the streets is in the municipality, in trust for use of the public. Among the other rights and privileges which the city has in and to the streets is the right

to use and permit their use for public purposes and for public improvements. In the prosecution of such public work it would not be liable for consequential damages to property resulting from the proper and lawful performance of such work; but this is quite different from saying that there has been conferred upon the municipality the right to injure a passer-by on the street, who is lawfully using it.

It is unnecessary, however, for us to determine the question of what would be the liability of the city, were it the contractor, because, in our view, the premise upon which the argument of the appellant is built, namely, that the contractor stands in the same position as would the city, if engaged in the work, is not sound, and cannot be supported. As was said in Mairs v. Manhattan Real Estate Ass'n, 89 N. Y. 506:

"A municipal corporation may, in many cases, in the exercise of powers legally granted to it for public purposes, do acts with reference to the public streets which may result in consequential injuries to the property of adjacent owners, and be exempt from liability, except for negligence; but it cannot delegate power to private individuals, to be exercised for their own private benefit, to do injury to the property of their neighbors, and relieve them from responsibility for the damages they may occasion, or reduce their liability to such as may result from want of care."

In St. Peter v. Denison, supra, it was contended that, because the contractor was engaged in a state work, he was not responsible for blasting which injured private property; and the court said:

"The point is made by the defendant that, the state having authorized him to do this work, and impliedly to do it by blasting, holds the relation to him and to the plaintiff of a principal in an agency. This may not be maintained. The relation of the state is plain. It had work to do. The defendant agreed to do it, looking for his own profit in it. All the authority he had from the state went no farther than that he should do it in a lawful way. He was not the agent of the state. The state could not interfere with him so long as he lived up to his contract. The manner of doing it was his own, and the state was not responsible for it."

And what was further said in that case is also applicable here:

"The defendant does not show any authority from the commissioners, save that given by his contract. * * * Hence the defendant had no right greater than any other individual to take or intrude upon the premises outside the external lines of the enlarged canal."

So, in this case, we think that the contractor was not the agent of the city, nor did it stand in the same position. The contractor had no right to use or intrude upon the public street outside the line of the public work, which under its contract it was prosecuting, and that for the act of throwing a stone upon the public highway and injuring the plaintiff, who was lawfully there, it is liable as trespasser.

Accordingly we think that the judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concur.

LAUGHLIN, J. (dissenting). On the 1st day of October, 1901, the plaintiff, while crossing Forty-Second street from south to

north, on the easterly side of Sixth avenue, was struck by a falling or flying missile, which he gave evidence tending to show came from a blast set off by the defendant, a subcontractor, who was excavating Forty-Second street to the east. The complaint alleged both negligence and trespass on the part of the defendant, but upon the trial the plaintiff elected to proceed upon the theory of trespass. The court instructed the jury that if they found that the injuries to the plaintiff were caused by a stone thrown by a blast set off by the defendant, and that the plaintiff had no notice of the intention of the defendant to explode the blast, the plaintiff was entitled to recover, and declined to charge that the plaintiff must affirmatively prove negligence. To these instructions and refusals to instruct the defendant excepted. The learned trial justice, in ruling that it was not essential to show negligence on the part of the defendant in exploding the blast, followed and applied the case of Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274. The appellant seeks to distinguish this case from that upon the ground that here the contractor was engaged in the performance of public work upon a highway and the material was not thrown beyond the lines of the highway, whereas in the Sullivan Case the blast was exploded on private property and the material precipitated onto a highway. The learned counsel for the appellant contends that the Sullivan Case was decided upon the theory of a technical trespass upon property, which he maintains cannot exist by the removal of earth by blasting or otherwise from one part of a public highway to another, either by the city or by a contractor, for the reason that one cannot trespass upon his own property; and he relies upon Cosulich v. Standard Oil Co., 122 N. Y. 118, 25 N. E. 259, 19 Am. St. Rep. 475, as authority for this proposition.

The court, upon objection interposed by counsel for the plaintiff, excluded testimony concerning the precautions taken to confine the blasts, and counsel for the defendant excepted. Later on another witness called by the defendant was asked how the blast was covered, and upon like objection this was excluded, the court remarking: "You want to show that for the purpose of showing care?" to which the counsel for defendant replied: "Yes, and for the general purposes of the case." Defendant's counsel thereupon excepted. The defendant thereafter gave evidence tending to show that the only blasts set off by it were several hundred feet from Sixth avenue, and that the material loosened by the blasts did not leave the trench. The court then, evidently appreciating that the manner in which the blast was covered might have a material bearing on the question as to whether the plaintiff's injuries were caused by the explosion, permitted the defendant to show that the blast was covered by several platforms of plank two inches in thickness and 16 by 20 feet in dimensions, held down by cables, and that the platforms were not broken as the result of the blast. When the evidence was first offered and excluded, the court evidently understood that it was offered for the purpose of showing freedom from negligence on the part of the defendant. It was

the duty of counsel for the defendant to draw the attention of the court to the fact that the defendant denied that the injury was caused by the explosion of the blast, and that evidence was offered upon that issue also. It is, therefore, doubtful whether any error was committed in the rejection of the evidence, provided the defendant is liable on the theory of trespass, and any error there may have been in that regard was cured by the subsequent reception of the evidence.

There is, therefore, no reversible error, unless the defendant be not liable in trespass. I am of opinion, however, that the defendant is not so liable, and that plaintiff failed to establish a cause of action. In Wheeler v. Norton, 92 App. Div. 368, 86 N. Y. Supp. 1095, a subway contractor excavating in Park avenue was held liable in trespass, without proof of negligence, for breaking by force of a blast in the same avenue a water pipe, which resulted in damages to adjacent premises by flooding. That case fell fairly within the doctrine of adjudicated cases; but, inasmuch as the trespass was committed on private property, it is not decisive of the one at bar. Here it is to be borne in mind that the blast was set off in the street in making a public improvement authorized and directed by the Legislature. The contractor or subcontractor is entitled to the same immunity that would be accorded to the city, had it been doing the work without the intervention of a contractor. It was necessary to excavate the public street and to remove the rock. Blasting was the only practicable and feasible method of removing the rock, and it was contemplated and authorized. Experience has demonstrated that rock may be removed by blasting, properly and carefully conducted, without serious risk of injury to people in the vicinity. The work, therefore, was not a nuisance. The city might have closed the street, but the authorities evidently deemed it unnecessary to exclude the public from the use of the street during the long period of time rendered necessary for the improvement. The traveling public, therefore, had a right to use the street, and the contractor had a right to proceed with the work of excavating; but each was bound to exercise this right with due regard to the rights of the other. Those traveling the street might be injured by an accidental explosion without negligence on the part of the contractor, in which event, I think, they would have no redress. If the work of blasting had been conducted with the care necessary, in view of the danger involved, barring accidents, doubtless material would not be thrown beyond the lines of the trench. In addition to using explosives in moderate quantities and covering the excavation, the contractor should doubtless, as a further precaution, have given notice to those traveling the street that a blast was about to be set off; for it must be impossible to determine with precision at times the consequences of a blast, which depends, not only on the strength of the explosive, but on the degree of resistance offered by the material to be removed, which may not be accurately known. If people, passing heedlessly, disregarded such notice, and persisted in passing in the immediate

vicinity at the time of an explosion of a blast, and received injuries, they should be held guilty of contributory negligence.

Under the instructions of the learned trial justice the jury were obliged to render a verdict against the defendant, if the plaintiff did not have actual notice that a blast was about to be set off. The question of contributory negligence was thus virtually eliminated. Notice may have been given in such manner that the plaintiff, had he exercised ordinary care and prudence, would have been warned, even though he did not in fact have actual notice. Doubtless the rule of "res ipsa loquitur" should be applied, so that the plaintiff would be enabled to establish a prima facie case by showing that he had no notice or warning of the blast and was injured by the explosion; and the jury would then be warranted in finding the defendant guilty of negligence, unless he introduced evidence showing the exercise of all due care, and of such probative force that the jury, on properly weighing the presumption of negligence and the evidence tending to establish freedom from negligence on the part of the defendant, would not be satisfied that the plaintiff sustained the burden of proof of showing negligence on the part of the defendant. Except in cases where an injury is intentionally or recklessly inflicted by one in a public street upon another therein, it is difficulty to see how an action for trespass will lie.

In the case of a collision between vehicles, or between pedestrians and vehicles, in public highways, the rule of liability is ordinarily to be determined upon the principles of negligence. This is because both the vehicles and the pedestrian are lawfully in the public highway. I apprehend that no liability could be predicated, upon the ground of trespass, against one lawfully engaged in hoisting any article or material over a public street, for injuries sustained by a pedestrian in consequence of being struck thereby, owing to the giving way of some appliance, at least in the absence of evidence of an intent to injure or gross negligence showing a wanton disregard of the rights of others. I fail to see any distinction in the principle upon which liability is to be predicated between an injury inflicted upon a pedestrian by a rock dropping from a derrick and by one thrown from a trench by a blast, in the absence of willful or reckless disregard of the rights of the person injured. If the rock excavated from a trench were loaded upon a wagon, and should fall from the wagon upon a pedestrian at a crosswalk, I think liability could not be predicated upon the theory of trespass, but only upon the theory of negligence. In the case of Sullivan v. Dunham, supra, I apprehend that if the tree, instead of being precipitated from private premises upon a public way by a blast, had been loaded upon a vehicle and lawfully driven into the public way, and had then fallen from the vehicle and injured the plaintiff, there could have been no recovery upon the theory of trespass. In that case there was no occasion for the defendant, in blasting upon private premises, to interfere with the rights of people traveling the public highway. In throwing the tree upon the highway, he was not in the exercise of a lawful right, and he

trespassed upon the rights of pedestrians. The court there went further than in any adjudicated case in this jurisdiction, and departed from the rule that an action for a trespass neither intentionally nor negligently committed will not lie. Stanely v. Powell [1891] 1 Q. B. 86.

The Court of Appeals has held that an action for trespass upon the person will not lie for injuries inflicted upon one in a public highway by a piece of flywheel precipitated from private premises, in the absence of negligence. It is also well settled that an action for trespass upon the person will not lie for injuries inflicted upon a pedestrian in the highway by the falling of a building or material from adjacent premises. Likewise the liability for damages to adjacent premises caused by the vibration or jar from a blast in a public highway set off in the process of making a public improvement is not in trespass. In all those cases the liability goes upon the theory of negligence. In the case at bar it was necessary to do the blasting in the public highway, and inevitable that the material should be loosened and moved in the process. It was unnecessary to precipitate it to the point where the plaintiff was, and doubtless that was not intended. It may have been accidental or unavoidable, and it may have been through negligence. I am of opinion that the liability of the contractor must be predicated upon negligence, and that he is not liable in trespass.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

HATCH, J., concurs.