## McCAHILL et al. v. JOHN H. PARKER CO.

### (Supreme Court, Appellate Term. January 17, 1906.)

TRESPASS—LIABILITY FOR DAMAGES—NEGLIGENCE.

The contractor for erection of a building is liable, on the ground of trespass, without regard to the question of negligence, for injury to adjoining premises, from the casting of building material thereon during the course of the work.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Mary F. McCahill and others against the John H. Parker Company. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

John V. Judge, for appellants.

Strasbourger, Weil, Eschwege & Schallek, for respondent.

DOWLING, J. Plaintiffs are the owners of premises No. 71 West 132d Street, New York City. Defendant was the contractor engaged in doing all the work in the erection of a building adjoining on the west, except the excavation, steel construction, and laying of sidewalk. During the progress of defendant's work, bricks and mortar fell from the building in course of construction by it, upon the roof of plaintiffs' premises, breaking the same and causing leaks therein, necessitating two separate repairs thereof, at an expense, respectively, of $29 and $50. The bricks and mortar from the adjoining building also fell into the yard of the premises, destroying sodding and bushes therein, to the extent of $38. A bridge was erected, resting on plaintiffs' sidewalk, and barrels of cement and quantities of building material were dumped upon said sidewalk to be used in defendant's work, causing damage to the sidewalk and parts of the stoop in the sum of about $50. Repainting of plaintiffs' house and stoop was necessitated by the falling of brick and mortar, and the sprinkling thereon of the acid used to clean down the walls of the building being erected by defendant, to plaintiffs' damage $50. All these things are proven to have occurred while defendant's work was going on and as the result of the casting or falling upon plaintiffs' premises of various substances hereinbefore referred to.

The acts complained of and established by proof amounted to a trespass, and for the damage thus caused defendant was liable. Since the case of Hay v. Cohees Co., 2 N. Y. 159, 51 Am. Dec. 279, it has been uniformly held that, where one in making improvements trespasses on or injures his neighbor's property by casting material thereupon, he is liable absolutely for the damage, irrespective of any question of care or negligence. Plaintiffs were entitled to the undisturbed possession of their premises, and to be protected against any invasion thereof by defendant, and are entitled to damages for the injuries caused by the latter's trespass. The alleged settlement sought to be established by defendant was not made with the infant plaintiffs, but only with their mother, not the owner of the fee, and, as far

as the present state of the proof shows, was to apply only to the inside damages to said premises, and had no application to the damage to the roof, exterior, or yard of said premises.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.