## KEENAN v. McADAMS & CARTWRIGHT ELEVATOR CO. et al.

(Supreme Court, Trial Term, New York County. February 27, 1908.)

MASTER AND SERVANT—PERSONAL INJURIES—RES IPSA LOQUITUR.

That plaintiff refused to work near a defective machine unless it was stopped and repaired, and that the machine was stopped by an authorized representative of the defendant while plaintiff repaired it, and that it suddenly started up, injuring plaintiff, was sufficient to show a prima

facie liability of the defendant on the ground of negligence, under the doctrine of res ipsa loquitur.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 955.]

Action by Bernard Keenan against the McAdams & Cartwright Elevator Company and another for personal injuries. Certain motions of defendant Bloomingdale denied.

Sidney J. Cowen, for plaintiff.

Butler, Notman & Minder, for defendant McAdams & Cartwright Elevator Co.

Carl S. Petrasch, for defendant Bloomingdale.

FORD, J. Although plaintiff failed to prove the specific acts of negligence alleged in his complaint, yet upon the trial counsel for the defendant Bloomingdale expressly waived any objection upon that score. Plaintiff did proceed with his proof along the lines of his pleading so far as to make a case for the jury, in my opinion, under the doctrine of res ipsa loquitur. The jury were warranted in finding that plaintiff refused to work near the machine which caused the accident unless it were stopped; that the chief engineer, the authorized representative of the defendant Bloomingdale, who had exclusive and entire control of the machine and the extensive plant of which it formed a part, undertook to stop the machine while plaintiff did the work near it; that the hour was agreed upon with plaintiff at which the machine should stop, and in fact did stop, to enable plaintiff to do the work in safety; that plaintiff did go to work at or shortly after the hour stated, with the machine in a stationary condition; and that while he was working with one foot on the machine it suddenly started and injured him. I take the opinion by Chief Justice Cullen in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, to be the latest authoritative discussion of the general principles which govern the application of the rule in question. Its application should not, of course, be extended, and should be made with great care, yet when a case is presented which clearly calls for its application the court should not hesitate to apply it. I believe this to be such a case.

The motions of the defendant will therefore be denied.

