KEENAN v. McADAMS & CARTWRIGHT ELEVATOR CO. et al.

(Supreme Court, Appellate Division, First Department.   December 11, 1908.)

1. MASTER AND SERVANT (§ 265*)—PERSONAL INJURIES—"RES IPSA LOQUITUR."
  Where, in a servant's action for injuries through being struck by a traveling sheave connected with an elevator, there was no evidence how or by whom the elevator was started, but it appeared that there were present employés of an independent contractor, any of whom might have started the elevator, and there was no claim that the elevator or its machinery were defective, the doctrine of "res ipsa loquitur" was inapplicable.
  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 881, 898; Dec. Dig. § 265.*]

2. MASTER AND SERVANT (§ 265*)—PERSONAL INJURIES—"RES IPSA LOQUITUR."
  The rule of "res ipsa loquitur" cannot be applied, where no negligence on defendant's part is shown by direct evidence, and it is apparent that other causes may have led to the accident.
  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 881, 898; Dec. Dig. § 265.*]

3. MASTER AND SERVANT (§ 276*)—PERSONAL INJURIES.
  Where, on all the evidence, the exact cause of the accident is not ascertainable by the jury, except as a matter of conjecture and surmise, defendant is entitled to a verdict.
  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 951; Dec. Dig. § 276.*]

  Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Bernard Keenan against the McAdams & Cartwright Elevator Company and Samuel J. Bloomingdale. From a judgment for plaintiff and against defendant Bloomingdale, and from an order denying a motion to set aside the verdict and for a new trial, defendant Bloomingdale appeals. Reversed, and new trial granted.

For prior report, see 58 Misc. Rep. 371, 108 N. Y. Supp. 952.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Carl Schurz Petrasch, for appellant.
Sidney J. Cowen, for respondent.

SCOTT, J.  The defendant Bloomingdale appeals from a judgment in favor of plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial. The plaintiff was a steam fitter in the employ of one Frank Dobson, who was a subcontractor under the McAdams & Cartwright Elevator Company. The latter firm held a contract with the defendant Bloomingdale to make certain alterations in the elevators in the large department store belonging to the latter. The precise nature of these alterations is not disclosed by the evidence and is not important. It appears that it involved or required certain changes in the steam pipes in the basement of appellant's building. The pipes upon which plaintiff was at work at the time of the accident were directly over some iron rails upon which ran, while the elevator was in operation, what is known as a "traveling

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sheave." The rails were perforated with holes about six inches in diameter, into one of which plaintiff had put his foot while working at the pipes above. The elevator had remained quiescent for something over an hour while plaintiff worked; but after that time it was started by some one, the traveling sheave ran along the rails, and injured plaintiff's foot seriously. There was no evidence how or by whom the elevator was started. There were present in the building the appellant's employés, engaged in running the numerous elevators, and also the employés of the McAdams & Cartwright Elevator Company, who were engaged about the alterations to the elevators. Any of these might have started the elevator. There is no claim that the elevator or its machinery were defective or kept in improper condition.

The complaint undertook to state the supposed ground of appellant's liability with great particularity, charging it to consist in the negligent manner in which the machinery had been stopped and kept inactive, which, as seems to be claimed, was of such a nature that, after remaining stationary for 80 minutes, the elevator suddenly started itself up. No attempt was made to prove the negligence thus alleged, and although the learned justice below, in a memorandum denying the motion for a new trial, states that the defendant Bloomingdale expressly waived any objection on that score, the printed record, by which alone we must be guided, does not disclose any waiver of the objection, express or otherwise, but, on the contrary, shows that it was urged as a reason for dismissing the complaint, both at the close of the plaintiff's case and at the close of the whole case. The objection was, as the case was presented, a perfectly sound one, and should have prevailed. As has been said, the evidence did not show how or by whom the elevator was started, and did show that there were present in the building, working in and around the elevators, employés of an independent contractor, any one of whom, as it seems, might have set the machinery in motion. Under these circumstances the court applied the doctrine of "res ipsa loquitur," charging the jury that the facts and circumstances shown by the evidence would justify them in finding, in the absence of satisfactory explanation on the part of defendant, that the defendant had not been duly careful to safeguard the person of the plaintiff while at his work. This is an extension of the doctrine invoked far beyond the proper limits to such doctrine. It was said by the Court of Appeals in Duhme v. Hamburg Packet Co., 184 N. Y., at page 409, 77 N. E., at page 387 (112 Am. St. Rep. 615), speaking of the doctrine of "res ipsa loquitur":

"Its operation, where the relations are not of a contractual character, can only be, as in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, when there are actually shown such facts and circumstances in the nature of the defendant's undertaking, and of the accident itself from which the jury are able, if not compelled, to draw the inference of negligence. It was not intended that it should exempt the plaintiff from the burden of proving affirmatively negligence, or circumstances making negligence a legitimate, if not irresistible, inference."

Many other cases might be cited to the same effect, all holding that the rule of "res ipsa loquitur" cannot be applied where no negligence on the part of the defendant is shown by direct evidence, and it is

apparent that there may have been other causes than the defendant's negligence which led to the accident. In line with this erroneous application of the doctrine referred to was the refusal of the court to charge, as requested by appellant:

"That if, on all the evidence, the exact cause of the accident is not ascertainable by the jury, except as a matter of conjecture and surmise, the defendant is entitled to a verdict."

As has been already said, the evidence left it quite possible that the elevator might have been started by some one other than the appellant or one of his employés, and the learned court recognized this fact, by saying to the jury, after he had announced the intention of applying the doctrine of "res ipsa loquitur":

"Accordingly I send the case to you, although the plaintiff has failed to show what caused the machinery to move—whether it was the negligence of some outsider, or what not, or some inherent defect in the machinery."

Thus the jury were permitted to surmise, merely from the fact that the machinery was started, and notwithstanding it might have been started by some outsider, either that it was inherently defective (of which there was no evidence), or that it was started by an employé of appellant. This was to relieve the plaintiff from the burden of proving his case, and to permit the jury to substitute conjecture for proof. No rule is better settled than that enunciated by Judge Martin in Cassidy v. Uhlmann, 170 N. Y., at page 534, 63 N. E. 563, and supported by a host of authorities that:

"A jury will not be permitted to base a verdict upon surmise, upon mere food for speculation, or to enter into the realm of conjecture to find a verdict."

Since the evidence showed that other causes than the appellant's negligence might have led to the accident, the defendant was entitled to the charge which he requested, and its refusal constituted reversible error.

It follows that the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except LAUGHLIN, J., who dissents.

INGRAHAM, J. (concurring). I concur in the opinion of Mr. Jusice SCOTT as to the application of the maxim "res ipsa loquitur" to this case. The only possible ground upon which it could be claimed that the defendant Bloomingdale was responsible for this accident was that his chief engineer, Murray, had agreed that this elevator should be shut down while the plaintiff was engaged in doing the work at which he was engaged at the time of the accident. The only evidence upon this subject was the evidence of the plaintiff that one Schultz, who was a foreman of the McAdams & Cartwright Elevator Company, came to him on the morning of the day of the accident and asked the plaintiff to do this work, to which the plaintiff replied that he would not do it until the elevator was shut down, when Schultz said he would see the chief engineer about it; that Schultz subsequently told the plaintiff to go to work at 1 o'clock, and that he (Schultz) would have the elevator shut down at that time; that some time before 1 o'clock the plaintiff passed the chief engineer and said to him, "Is

that all right with Schultz?" and the chief engineer said, "Well, see that you do not keep it shut down too long." There was no evidence that the chief engineer was notified by anybody that the work was to be done at 1 o'clock, or that the elevator was to be shut down at that time. There were 16 elevators in operation in this building at the time, and it would appear that the continued operation of these elevators was necessary for Bloomingdale's business. Without further notice to Bloomingdale or any of his employés, the plaintiff went to work at 1 o'clock, and subsequently the elevator was put in operation and the injury to the plaintiff resulted.

This was not a situation which justified the application of the maxim "res ipsa loquitur," and if there was any question for the jury it could only be because, after Bloomingdale's chief engineer had notice that the plaintiff was to perform this work at a particular time and had undertaken that this particular elevator should not be in operation during the time that he was engaged in the work, he did not perform that obligation. Murray, the chief engineer, absolutely denied any such conversation with the plaintiff, or that he had any knowledge that the plaintiff was at work in this locality, and his testimony was strongly corroborated. It is not claimed that Murray had any notice when the plaintiff would be engaged in this work, or that he was actually engaged in it. Plaintiff's whole case depends upon the meaning of his question to Murray: "Is that all right with Schultz?" From this question Murray could have no information that the plaintiff expected to go to work at 1 o'clock at the foot of this elevator shaft. There is no evidence that Schultz had spoken to Murray about it, and both Murray and Schultz denied this conversation. But, if there was a question for the jury, the defendant was entitled to have the jury specifically instructed that the defendant was entitled to a verdict, unless it was established that Murray had notice of the fact that the plaintiff was to go to work at this locality at 1 o'clock and had undertaken that during the time that he was at work this particular elevator would not be operated.

I therefore concur in the reversal of this judgment.