### KEBER v. CENTRAL BREWING CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

1. NEGLIGENCE (§ 62*)—USE OF MACHINERY—EVIDENCE.
   Where an automobile is left in a position where it cannot start of itself, but requires the act of a third person to start it, negligence cannot be predicated against the owner from the fact that he failed to take precautions against interference by third persons.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 76–79; Dec. Dig. § 62.*]

2. NEGLIGENCE (§ 134*)—USE OF MACHINERY—EVIDENCE.
   Where, in an action for damages to plaintiff's house by an auto truck running into it, the undisputed evidence showed that the truck came down the street on a steep incline and ran over the sidewalk into the house, and that no chauffeur was on the truck at the time, but none of plaintiff's witnesses saw the truck when it started, and the chauffeur testified that he so arranged the brakes, steering wheel, and controller that it could not run down hill without outside interference, and a boy testified that he and another boy changed the arrangements, plaintiff could not rely on the rule of res ipsa loquitur, and a verdict for him was not sustained, for failure to prove that the truck ran down hill of its own weight, or that no one interfered with it while in the position in which it was left.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

3. NEGLIGENCE (§ 134*)—RES IPSA LOQUITUR—APPLICABILITY.
   The rule of res ipsa loquitur cannot apply, where no negligence of defendant is shown by direct evidence, and it is apparent that there may have been other causes than defendant's negligence which led to the accident.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

4. TRESPASS (§ 10*)—TRESPASS TO REAL ESTATE—EVIDENCE.
   A trespass to real estate involves an invasion by act of the trespasser, and there is no trespass by one person merely because his property is precipitated on the land of another by the act of a third person, and evidence not showing his negligence is also insufficient to establish trespass.
   [Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 8, 12; Dec. Dig. § 10.*]

   Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Peter Keber against the Central Brewing Company of New York. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Paskus, Gordon & Hyman, of New York City (Arthur B. Hyman, of New York City, of counsel), for appellant.

Edward J. Rowe, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for damages caused to the stoop of his house by an automobile truck owned by the defendant. The plaintiff produced several witnesses who testified that the defendant's truck, loaded with beer kegs, came down the street, which is a somewhat steep incline, and ran over the sidewalk into plaintiff's stoop. No chauffeur was upon the truck at the time of the accident.

[1] There is no dispute as to these facts, and the plaintiff contends that they are sufficient to establish a prima facie case of negligence against the defendant. In considering whether these facts are sufficient to establish such a case, it must be remembered that it has been held that where an automobile is left in a position where it cannot start of itself, but requires the willful act of a third person to set it in motion, no negligence can be predicated against the owner of the automobile from the fact that he failed to take precautions against the interference of a third person. Vincent v. Crandall & Godley Co., 131 App. Div. 200, 115 N. Y. Supp. 600, and cases there cited.

[2] In the present case, none of the plaintiff's witnesses saw the automobile when it started on its career down the hill, and the question, therefore, raised by this appeal, is whether the circumstances surrounding the accident fairly raise an inference that the automobile was negligently left in such a position that it started down hill through the force of gravity. The defendant's chauffeur testified that by arrangement of the brakes, the steering wheel, and the controller the automobile was placed in such a position that it could not run down hill without outside interference, and he produced a boy who testified that he and another boy played on the automobile and changed these arrangements. Of course, if this evidence is true, then the defendant has completely rebutted any possible inference of negligence that might arise from the mere happening of the accident.

[3] In my opinion, however, no such inference can fairly be drawn from the circumstances surrounding the happening of the accident. There is absolutely no evidence that, if the automobile was left in the state to which the chauffeur testified, it could have gone down hill unless interfered with, and the mere fact that it certainly remained in the position in which it was left for several minutes before it started down hill is some evidence that it was left in a safe position. The circumstances of the accident, therefore, are at least as consistent with the view that the accident was caused by the act of a third person as by the defendant's negligence. In such circumstances the rule of res ipsa loquitur does not apply, for it is well established that:

The "rule of res ipsa loquitur cannot be applied where no negligence on the part of the defendant is shown by direct evidence, and it is apparent that there may have been other causes than the defendant's negligence which

led to the accident." Keenan v. McAdams & Cartwright Elevator Co., 129 App. Div. 117, 113 N. Y. Supp. 343.

It follows that unless the plaintiff can fill out his proof by evidence that, even though the automobile was left as the defendant claims, it still could have gone down hill of its own weight, or by evidence that actually nobody interfered with the truck while standing in the position in which it was left, there can be no fair inference that the accident occurred through the defendant's negligence. In reaching this conclusion, I have not overlooked the fact that there is some evidence that the auto truck started to slide down hill a second time after the accident; but inasmuch as there is no evidence that its position at that time was analogous to its original position, or that the brakes were then applied, this evidence is quite immaterial.

[4] It has been urged that, even if the plaintiff has made out no cause of action in negligence, he has made out a cause of action in trespass by proving an invasion of his premises, even though without negligence on the defendant's part. In this contention I cannot agree. A trespass necessarily involves an invasion by act of the trespasser, and there can certainly be no trespass on the part of one person merely because his property is precipitated on another's land by act of a third party. Consequently, evidence which is insufficient in this case to hold the defendant on the theory of negligence, because the accident may well have been caused by the act of a third party, is a fortiori also insufficient to establish trespass.

Judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

DELANY, J., concurs.

WHITAKER, J. (dissenting). This is an appeal from a judgment of the Municipal Court entered in favor of the plaintiff after trial before the court and a jury. The defendant's auto truck was left standing on the roadway by defendant's driver. The truck, for some unexplained reason, started and ran upon the sidewalk and into a stoop of the plaintiff's house and damaged it. The recovery is for such damages; i. e., the cost to the plaintiff of making the repairs.

The action was brought, tried, defended, and is now argued, solely upon the theory of defendant's negligence. While there is doubt as to the right of the plaintiff to maintain the action upon the theory of negligence, I think he would have been entitled to recover, had he laid his action in trespass. After an examination of the record, I am of the opinion that the evidence was ample to sustain the trespass, and a recovery would have been sustained as for a trespass, without proof of actual negligence of the defendant. Hay v. Cohoes Co., 2 N. Y. 159–162, 51 Am. Dec. 279; St. Peter v. Denison, 58 N. Y. 417, 17 Am. Rep. 258; Turner v. Degnon Cont. Co., 99 App. Div. 135, 90 N. Y. Supp. 948; McCahill v. Parker Co., 49 Misc. Rep. 258, 97 N. Y. Supp. 398; 38 Cyc. 995, B.

Substantial justice has been done, and the judgment should be affirmed.