■ FRANCES GUS, Respondent, v TOWN OF NORTH HEMPSTEAD et al., Defendants, and SCALA CONTRACTING Co., INC., Appellant.—In an action to recover damages for personal injuries, defendant Scala Contracting Co., Inc., appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated August 4, 1989, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellant's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, and the action against the remaining defendants is severed.

The plaintiff sustained injuries on January 26, 1987, when she slipped and fell inside a bus shelter located on the south side of Hillside Avenue just east of Lakeville Road in the Town of North Hempstead. The complaint alleged, *inter alia,* that the Town failed to properly maintain the bus shelter, that it pushed snow and ice into the shelter in the course of plowing Hillside Avenue, and that Scala Contracting Co. (hereinafter Scala), negligently cleared snow from the parking lots abutting the bus shelter.

The County of Nassau conceded that it owned the bus shelter, and that it had contracted with a third party for snow removal at a cost of $7.16 per shelter, per cleaning. Furthermore, the defendant Scala's agreement to remove snow on the premises of the defendant Pearle Vision Center, Inc., did not encompass snow removal of, or maintenance of, the sidewalk adjacent to the bus shelter. Scala's assertions in its cross motion for summary judgment were not controverted by any party. Nor has any other party submitted opposition to this appeal.

Once a movant has established its cause of action or defense sufficiently to warrant a court directing judgment in its favor as a matter of law, the party opposing the motion must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact. In this case, no opposing proof has been presented.

Notwithstanding the Supreme Court's finding that "there exists the possibility that he [Scala] may have pushed snow into the shelter from the parking lot side", we conclude that Scala established its defense sufficiently to warrant judgment in its favor as a matter of law. Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.