■ WENDY S. CASSELL, Individually and as Administratrix of the Estate of ARTHUR S. CASSELL, JR., Deceased, Respondent, v BABCOCK & WILCOX COMPANY et al., Respondents, and ZURICH AMERICAN INSURANCE COMPANY, Appellant.—Order unanimously affirmed with costs. Memorandum: Supreme Court properly denied the motion of defendant Zurich American Insurance Company (Zurich) for summary judgment dismissing plaintiff's complaint alleging that Zurich was negligent in inspecting a boiler that later exploded and caused injuries to plaintiff's decedent. In our view, Zurich failed to establish its entitlement to that relief.

Zurich contends that it owed no duty to plaintiff's decedent because the inspection was conducted to reduce its risk of loss

under a policy of insurance issued to the Newton Falls Paper Mill (Mill), decedent's employer. Zurich claims that Mill employees were not the intended beneficiaries of its inspection and that any duty it assumed extended only to Mill, its insured *(see, Jansen v Fidelity & Cas. Co.,* 165 AD2d 223, 226, *affd* 79 NY2d 867). If the inspection was conducted, not for Zurich's sole benefit, but to satisfy the requirements of Labor Law § 204, Zurich may be held liable if the inspection was negligently performed *(see, Wroblewski v Otis El. Co.,* 9 AD2d 294, 296, 297).

In determining whether a party may be held liable for negligent performance of an inspection, "the proper inquiry is simply whether the defendant has assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff" *(Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226). The purpose of the statute (Labor Law § 204) is to protect employees working near boilers, and decedent was an intended beneficiary of an inspection made pursuant to that statute. If the inspection was conducted pursuant to Labor Law § 204, Zurich assumed a duty to exercise reasonable care to prevent foreseeable harm to the decedent *(see, Devlin v Smith,* 89 NY 470, 478, 479; *Wroblewski v Otis El. Co.,* 20 AD2d 732).

It is not clear from the record, however, whether Zurich made the inspection under the Labor Law's detailed requirements *(see,* Labor Law § 204 [8]; 12 NYCRR part 14). Because the record fails to establish the purpose of Zurich's inspection, and Zurich's potential liability turns on that issue, neither party is entitled to summary judgment.

We further find that Zurich is not entitled to avail itself of the doctrine of sovereign immunity *(see, Turner v Degnon-McLean Contr. Co.,* 99 App Div 135, 136-137, *affd* 184 NY 525). (Appeal from Order of Supreme Court, Cayuga County, Contiguglia, J.—Summary Judgment.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.