■ Joseph S. Abato et al., Respondents, v Millar Elevator Service Company et al., Defendants, and American Loss Prevention Services, Appellant. [690 NYS2d 806] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied the motion of defendant American Loss Prevention Services (American) for summary judgment insofar as it sought dismissal of the negligence cause of action. Joseph S. Abato (plaintiff), whose duties as an employee of Trico Products (Trico) included operation of a freight elevator, was an intended beneficiary of American's agreement with Trico to inspect its elevators and certify that they were in compliance with applicable safety codes, as required by chapter 167 of the City of Buffalo Charter. Thus, American owed a legal duty to plaintiff to perform its inspection properly (*see, Cassell v Babcock & Wilcox Co.,* 186 AD2d 1000; *Spooner v*

*National El. Inspection Servs.,* 161 Misc 2d 73, 77-78). There are triable issues of fact whether American breached its duty to exercise reasonable care in performing its inspections of the elevator. The conflicting expert opinions should not be resolved on a motion for summary judgment (*see, Scahall v Unigard Ins. Co.,* 222 AD2d 1070, 1071; *Luthart v Danesh* [appeal No. 2], 201 AD2d 930).

The court erred, however, in denying American's motion insofar as it sought dismissal of the cause of action for breach of warranty. Liability may not be imposed for breach of warranty upon a party outside the manufacturing, selling or distributive chain (*see, Passaretti v Aurora Pump Co.,* 201 AD2d 475).

Therefore, we modify the order by granting American's motion in part and dismissing the second cause of action for breach of warranty. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Callahan, JJ.