■ JOSEPH S. ABATO et al., Respondents, v MILLAR ELEVATOR SERVICE COMPANY et al., Appellants, and AMERICAN LOSS PREVENTION SERVICES, Appellant-Respondent. [747 NYS2d 627] —Appeals from an order of Supreme Court, Erie County (Joslin, J.), entered March 28, 2001, which denied the motion of defendants Millar Elevator Service Company and Schindler Elevator Corporation and the motion of Occupational Safety and Environmental Associates, Inc. for summary judgment dismissing the complaint and cross claims against them and denied the motion of defendant American Loss Prevention Services for leave to renew its prior motion for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant Occupational Safety and Environmental Associates, Inc. in part and dismissing the negligence cause of action against it and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Joseph S. Abato (plaintiff) in an elevator accident at his place of employment. Plaintiff was seriously injured when the freight elevator that he was operating suddenly shot upward to the top floor of the six-story building and stopped abruptly. Defendants Millar Elevator Service Company and Schindler Elevator Corporation (collectively, Millar) were under contract with Trico Production Corporation (Trico), plaintiff's employer, to provide "elevator oil & grease examination service" and pursuant to that contract had inspected the elevator nine days before the accident. Defendant Occupational Safety and Environmental Associates, Inc. (Occupational) had a "consultant agreement" with Trico to provide certain "safety and environmental management services."

Supreme Court properly denied that part of the motion of Millar seeking summary judgment dismissing the negligence cause of action against it. We agree with Millar that its contractual undertaking, which did not encompass the duty to make repairs (cf. Rogers v Dorchester Assoc., 32 NY2d 553, 561-562), is not so "comprehensive and exclusive" as to give rise to a duty of care to plaintiff (Bradley v Benchmark Mgt. Corp., 294 AD2d 879, 879; see Espinal v Melville Snow Contrs.,

98 NY2d 136; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-589). Nevertheless, Millar owed a legal duty to plaintiff to perform its inspection properly, and there is an issue of fact whether Millar breached that duty (*see Abato v Millar El. Serv. Co.*, 261 AD2d 873, 873-874; *see also* Restatement [Second] of Torts § 324 A, Comment *e*, Illustration 4).

The court erred, however, in denying that part of the motion of Occupational seeking summary judgment dismissing the negligence cause of action against it. Occupational met its initial burden by establishing that its contractual obligations do not encompass responsibility for the safe operation of Trico's elevators (*see Gus v Town of N. Hempstead*, 174 AD2d 649, 650), and plaintiffs failed to raise a triable issue of fact. We modify the order, therefore, by granting the motion of Occupational in part and dismissing the negligence cause of action against it. Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.