# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1249**
**CA 12-00307**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND WHALEN, JJ.

---

SUZANNE K. SAVAGE, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANDERSON'S FROZEN CUSTARD, INC.,
DEFENDANT-APPELLANT,
ET AL., DEFENDANTS.

---

GOLDBERG SEGALLA LLP, BUFFALO, GANNON, ROSENFARB, BALLETTI & DROSSMAN,
NEW YORK CITY (LISA L. GOKHULSINGH OF COUNSEL), FOR
DEFENDANT-APPELLANT.

STAMM LAW FIRM, WILLIAMSVILLE (MELISSA A. STADLER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered December 6, 2011 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Anderson's Frozen Custard, Inc. for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Anderson's Frozen Custard, Inc. is granted and the amended and supplemental complaint against it is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in an accident at a restaurant owned and operated by Anderson's Frozen Custard, Inc. (defendant). The accident occurred when plaintiff, after ordering food, attempted to sit down in a chair that slid out from beneath her, causing her to fall to the floor. Plaintiff was helped to her feet by a friend and sat down without incident in the same chair. She later went to the hospital and was treated for injuries to her back and shoulder. The amended and supplemental complaint (complaint) asserted claims against defendant for negligence, failure to warn, and breach of the implied warranty of fitness for a product's intended purpose. The complaint named other parties as defendants, including the chair's distributor and the contractor that sealed defendant's concrete floor, which plaintiff alleged was too slippery. Following discovery, defendants separately moved and cross-moved, respectively, for summary judgment dismissing all claims against them. According to Supreme Court's decision, plaintiff conceded at oral argument that two of the defendants were not negligent, and the court granted the motion of a third defendant, Alpha Contract Flooring, Inc. (Alpha), but the court

denied defendant's motion.  The court determined that Alpha established that the floor was not improperly sealed or "inherently dangerous," and that, in response, plaintiff failed to raise an issue of fact.  With respect to defendant's motion, however, the court stated that there "are obvious, material issues of fact that preclude summary judgment with regard to [defendant]."  The court did not identify those issues of fact.  We conclude that the court erred in denying defendant's motion.

Defendant met its initial burden with respect to the negligence and failure to warn claims by submitting evidence that the accident was not attributable to a defect in the chair or the concrete floor (*see Azzaro v Super 8 Motels, Inc.*, 62 AD3d 525, 526; *see also Zalko v Sunrise Adult Health Care Ctr.*, 7 AD3d 616, 617; *Portanova v Trump Taj Mahal Assoc.*, 270 AD2d 757, 759, *lv denied* 95 NY2d 765).  The evidence established that the chair in question and many others like it had been purchased new by defendant shortly before the accident, and that they had been used on the recently sealed concrete floor for 17 days prior to the accident.  Defendant's president testified at his deposition that, during those 17 days, the restaurant was visited by 6,000 to 7,000 patrons, not one of whom had a problem sitting in the chairs.  There is no evidence that defendant was aware that its use of a non-defective chair on a non-defective floor created a dangerous condition, if indeed a dangerous condition had been created.  Moreover, even assuming, arguendo, that the concrete floor was slippery, we conclude that "[t]he use of flooring material that is inherently slippery is not, by itself, actionable negligence" (NY PJI 2:91, Comment [F] at 624; *see Mroz v Ella Corp.*, 262 AD2d 465, 466).

In response to defendant's motion, plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  As the court stated in its decision, the opinions offered by plaintiff's expert in his affidavit were insufficient to raise an issue of fact because, inter alia, there is no indication that he visited the scene of the accident or performed tests on the floor.  Although plaintiff submitted letters from two insurance agents to the agent for defendant's insurer tending to show that defendant may have had notice that other similar "incidents" had previously occurred at the restaurant, those letters constituted hearsay, which may be considered in opposition to a motion for summary judgment only where "it is not the only proof relied upon by the opposing party" (*Biggs v Hess*, 85 AD3d 1675, 1676; *see Zimbler v Resnick 72nd Street Assoc.*, 79 AD3d 620, 621).  Here, plaintiff offered no other admissible evidence in opposition to defendant's motion tending to show that a dangerous condition existed in the restaurant or that defendant was aware of such condition.

Finally, we conclude that the court should have granted defendant's motion with respect to the claim for breach of the implied warranty of fitness for a product's intended purpose because defendant established that it is "outside the manufacturing, selling, or distribution chain" (*Quinones v Federated Dept. Stores, Inc.*, 92 AD3d 931, 932; *see Abato v Millar El. Serv. Co.*, 261 AD2d 873, 874), and plaintiff failed to raise an issue of fact (*see generally Zuckerman*,

49 NY2d at 562).