### ADLER v. FOX.

(Supreme Court, Appellate Term. December 22, 1911.)

EXPLOSIVES (§ 12*)—INJURIES FROM BLASTING—LIABILITY.

Where plaintiff's water pipe was broken by the falling in of a large section of rock above it, due to defendant's blasting operations in a nearby trench, defendant was not liable in trespass, if the rock merely fell from concussion, and not as a direct result of the blast, as by being hurled against the pipe.

[Ed. Note.—For other cases, see Explosives, Dec. Dig. § 12.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Simon Adler against Kerry E. Fox. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Blandy, Mooney & Shipman (Lawrence A. Sullivan, of counsel), for appellant.

Henry Fluegelman, for respondent.

PER CURIAM. The plaintiff has recovered judgment for damages caused by the alleged negligence of the defendant in blasting out rock for a trench. The plaintiff at the trial showed that a water pipe leading into his house was broken by the falling in of a large section of rock above the pipe It is fairly inferable that the solid rock above the pipe was broken by a blast set off by the defendant's workmen, but the record is absolutely void of any evidence that the defendant was negligent in the blasting operations. The plaintiff now claims that we should affirm the judgment, regardless of the form of pleading, because he has proven without objection that his pipe was broken through the fall of a rock caused by the explosion, and that the defendant is liable on the theory of trespass.

The fault in this contention lies in the fact that the issue of trespass was not actually litigated, and that the evidence of the falling of the rock was merely incidental to statements of witnesses as to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the condition of the broken pipe. The defendant is liable for trespass, if the rock was hurled upon the water pipe; but he is not liable, if the rock fell merely from concussion, and not as a direct result of the blast. This distinction is clearly pointed out in the case of Derrick v. Kelly, 136 App. Div. 433, 120 N. Y. Supp. 996, which explained and limited the earlier case of Wheeler v. Norton, 92 App. Div. 368, 86 N. Y. Supp. 1095. In the case before us we cannot tell whether the break in the solid rock was the direct result of, or merely consequential damage from, the explosion.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.