### CONWELL v. DEGNON CONTRACTING CO.

(Supreme Court, Appellate Term, First Department. June 29, 1915.)

1. MUNICIPAL CORPORATIONS $\Longleftarrow$809—STREETS—LAYING WATER MAIN—NEGLIGENCE—DAMAGES TO PROPERTY.

Where a contracting company was engaged in laying a high-pressure water main along a street parallel with a low-pressure main at least 3½ feet from the edge of the trench being excavated for the new main, and where, almost immediately after a blast was set off by the company, water gushed from the existing main and damaged adjoining property, the company was not liable, unless the main was broken by direct impact with a rock or débris precipitated on it by the blast, or, if broken by the mere concussion, unless the blast was negligently set off.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. $\Longleftarrow$809.]

2. MUNICIPAL CORPORATIONS $\Longleftarrow$819—STREETS—LAYING OF WATER MAIN—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Evidence, in an action against a contracting company, engaged in laying a water main, for damages due to the bursting of an existing main in consequence of a blast, held to show that the break was due to concussion, and not to a rock being cast against the pipe by the blast.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. $\Longleftarrow$819.]

3. MUNICIPAL CORPORATIONS $\Longleftarrow$819—LAYING OF WATER MAIN—NEGLIGENCE—PROOF.

Evidence that a contracting company, engaged in laying a water main, sent off a blast within 3½ feet of an existing low-pressure main, without shutting off the water, in consequence of which the existing main was broken and damages resulted to adjoining property, was insufficient to charge the company with actionable negligence, in the absence of evidence that any excessive force was used in blasting, or evidence that the company had reason to foresee that the pipe would be broken by the concussion, or knew or had reason to know of the presence of the existing main.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. $\Longleftarrow$819.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

---

$\Longleftarrow$For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Patrick H. Conwell against the Degnon Contracting Company. From judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

James F. Donnelly, of New York City, for appellant.

John T. Fenlon, of New York City (John V. Judge, of New York City, of counsel), for respondent.

LEHMAN, J. On May 27, 1914, the defendant was engaged in laying a high-pressure water main along Twenty-Eighth street under a contract with the city. Running parallel to the projected main was a 12-inch low-pressure main. This main was at least 3½ feet from the edge of the trench which the defendant was excavating for the new main, and was about 4 feet below the surface of the street. The defendant blasted out some rock, and almost immediately after the blast was set off water gushed from the earth surrounding the existing water main and flowed into the plaintiff's premises. For the resulting damage to his property the plaintiff has brought this action and recovered the sum of $75. The complaint sufficiently sets forth a cause of action in either negligence or trespass, but in my opinion the evidence is insufficient to sustain a recovery on either theory.

[1, 2] The plaintiff has failed to establish any action in trespass unless the water from the low-pressure main was precipitated into the plaintiff's premises by the direct action of the defendant; that is, unless the main was broken by impact with a rock or débris precipitated upon it by the blast. Derrick v. Kelly, 136 App. Div. 433, 120 N. Y. Supp. 996. If it was broken only as a result of the concussion, then the plaintiff must show that the blast was negligently set off. The evidence shows that there was a solid space of 3½ feet between the trench and the broken pipe, and it is difficult to see how a blast could have driven a rock through this space. It does appear, however, that when the flow of water was stopped, and the earth surrounding the broken main was taken away, it was found that a piece of pipe 46 inches long and in width nearly one-half the diameter of the pipe was broken, and at one point a large rock was found resting hard up against the broken main. It appears, however, that the main was an old one, and had been in that place for many years, and it does not appear whether this pipe had not been placed against this rock when it was originally laid. The plaintiff's own witness testifies that:

"I can't say whether the rock that was up against the pipe was a large piece of broken rock, or whether it was solid rock."

On cross-examination this witness, who was the assistant engineer of the water department in charge of this work, testified as follows:

"Q. This corner of the rock which you saw up against the low-pressure main after the earth was removed—as far as you know that corner of rock could have been up against that pipe before the explosion, couldn't it? A. That's right. Q. In other words, after that low-pressure trench had been excavated, you found the situation in which the low-pressure main had lain in

a bed of rock which had been excavated before that main was laid there, didn't you? A. Yes; the rock had been excavated before the main had been laid."

From this testimony it seems to me perfectly obvious that it is absolutely impossible to infer from the presence of the rock against the pipe that it had been cast against the pipe by the blast. All the testimony is quite consistent with the view that the rock was there at the time of the original excavation 30 years ago, and that the break in this old pipe was due to concussion.

[3] There remains, therefore, only the question of whether there is any evidence of negligence. The plaintiff has presented no evidence that there was any excessive force used in blasting, claiming mainly that the defendant had no right to send off any blast in proximity to the low-pressure main without shutting off the water. There is, however, no evidence to show that the defendant had any reason to foresee that the blast would be sufficiently strong to break a properly laid pipe by concussion. There is not even any evidence that the defendant knew, or had reason to know, that such a main was in the street. On the contrary, it affirmatively appears that the working plans furnished by the city fail to show such a main.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event. All concur.