WHEELER v. NORTON et al.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. TRESPASS—BREAKING WATER PIPES.

A person who, by blasting rock, breaks a water pipe, from which water escapes and flows onto the premises of another, causing damage, is liable as a trespasser, irrespective of the question of negligence in putting off the blast.

2. SAME—NEGLIGENCE.

A subcontractor engaged in excavating for the Rapid Transit Subway in New York City drilled holes for blasting within a foot of a water pipe, and nearer to the pipe than the rules of the water department permitted, and exploded in the holes a quantity of dynamite, without turning off the water or protecting the pipe in any way. The rock which was blasted could have been removed by breaking it with a hammer without injury to the pipe. Held, he was guilty of negligence making him liable for the damages sustained by reason of the breaking of the pipe, thereby permitting water to escape therefrom and to flow onto the premises of another.

3. SAME—PROXIMATE CAUSE.

The act of the subcontractor in putting off the blast, breaking the pipe, was the proximate cause of the injury, though the pipe was laid on rock, and not in soft material, in violation of the rules of the water department.

Appeal from Appellate Term.

Action by Fannie S. Wheeler against William F. Norton and another. From a determination of the Appellate Term (84 N. Y. Supp. 524) affirming a judgment of the Municipal Court in favor of plaintiff, and from the judgment of the Municipal Court, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellants.
Jacob Marks, for respondent.

McLAUGHLIN, J.   The defendants, the subcontractors engaged in excavating for the Rapid Transit Subway in the city of New York, on the 8th of August, 1901, by blasting rock, broke a 12-inch water pipe,

from which water escaped, flowed onto premises occupied by the plaintiff, and injured her property, and this action was brought to recover the damages sustained. She had a judgment in the Municipal Court of the city of New York, which was affirmed by the Appellate Term, and defendants, by permission, have appealed to this court.

The complaint is framed so as to permit a recovery either for trespass or negligence, which fact seems to have been entirely satisfactory to the defendants, inasmuch as, so far as appears, they made no effort either before or at the trial to compel the plaintiff to elect upon which ground she would claim a recovery; and the trial seems to have proceeded upon the theory that a recovery might be had upon either ground, as evidence was introduced which tended to establish both trespass and negligence.

The Trial Court, as appears from a memorandum of the trial justice, held the defendants liable as trespassers; and this seems to have been the view of the Appellate Term on the reargument, although on the first argument defendants were held liable as for negligence.

I think the defendants were liable as trespassers for the damage done to plaintiff's property. It has been held by a long line of authorities in this state that throwing rocks or débris upon another person's property, thereby causing him damage, makes one liable as a trespasser; and this irrespective of whether such person be guilty of negligence or not. I am unable to see any distinction between causing damage to property by water and causing it by rocks and débris. A leading case on the subject is Hay v. Cohoes, 2 N. Y. 159, 51 Am. Dec. 279. There defendant, in blasting upon its own land, threw fragments of rock against plaintiff's house, which stood upon land adjoining. No proof of negligence in blasting was established, but defendant was nevertheless held liable. Gardiner, J., delivering the opinion (and his remarks are as applicable to the case before us as they were there), said:

"The defendants had the right to dig the canal; the plaintiff, the right to the undisturbed possession of his property. If these rights conflict, the former must yield to the latter, as the more important of the two, since, upon grounds of public policy, it is better that one man should surrender a particular use of his land, than that another should be deprived of the beneficial use of his property altogether, which might be the consequence if the privilege of the former should be wholly unrestricted. The case before us illustrates this principle. For, if the defendants, in excavating their canal—in itself a lawful use of their land—could, in the manner mentioned by the ,witnesses, demolish the stoop of the plaintiff with impunity, they might for the same purpose, on the exercise of reasonable care, demolish his house, and thus deprive him of all use of his property. * * * He may excavate a canal, but he cannot cast the dirt or stones upon the land of his neighbor, either by human agency or the force of gunpowder. If he cannot construct the work without the adoption of such means, he must abandon that mode of using his property, or be held responsible for all damages resulting therefrom. He will not be permitted to accomplish a legal object in an unlawful manner."

This case was followed in Tremain v. Cohoes Co., 2 N. Y. 163, 51 Am. Dec. 284, cited with approval in St. Peter v. Denison, 58 N. Y. 416, 17 Am. Rep. 258, and in Mairs v. Manhattan Real Estate Association, 89 N. Y. 498. In the Mairs Case, defendant was held liable, without proof of negligence, for making an excavation upon its own land, through which, during a heavy rain, water found its way into the

cellar of the adjoining owner; and this notwithstanding the fact the excavation was made under a license from the municipal authorities. Judge Rapallo, delivering the opinion of the court, said:

"The rights of the parties in such a case do not depend upon the same principles as in cases where the wrong complained of consists of an interference with a public highway to the injury of the traveling public, but upon the principle of Hay v. Cohoes Co., 2 N. Y. 159 [51 Am. Dec. 279]; St. Peter v. Denison, 58 N. Y. 416, 17 Am. Rep. 258; Jutte v. Hughes, 67 N. Y. 267, in which it is held that where one is making improvements on his own premises, or, without lawful right, trespasses upon or injures his neighbor's property by casting material thereon, he is liable absolutely for the damage, irrespective of any question of care or negligence. A license from the municipal authorities cannot affect the question of responsibility in such cases."

The Hay Case was also cited with approval, and the doctrine there announced reaffirmed, in the recent case of Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274; Judge Vann saying:

"We think the Hay Case has always been recognized by this court as a sound and valuable authority. After standing for fifty years as the law of the state upon the subject, it should not be disturbed, and we have no inclination to disturb it. It rests upon the principle, founded in public policy, that the safety of property generally is superior in right to a particular use of a single piece of property by its owner. It renders the enjoyment of all property more secure, by preventing such a use of one piece by one man as may injure all his neighbors."

Here, the act of the defendants broke the pipe, which caused the water to flow upon plaintiff's land and do her damage. Their act was the direct and proximate cause of her injury, and they should make good the same, whether their act was a negligent one or not. One person cannot use his property to the detriment of his neighbor without making good the loss sustained. Had the plaintiff's property been injured by a piece of the pipe being thrown on her premises, I do not believe, under the authorities cited, it could be seriously questioned but what the defendants would be liable as trespassers; and I am unable to see any distinction between iron thrown and water flowing thereon. If I am correct in this conclusion, then it necessarily follows that the judgment is right, and must be affirmed; and this irrespective of whether the defendants were negligent in putting off the blast.

I am also of the opinion that the evidence was sufficient to justify a recovery upon the ground of negligence. The complaint, as already indicated, was framed, and the trial evidently proceeded, upon the theory that a recovery might be had upon this ground, as well as trespass; and the fact that the trial justice, as indicated in his memorandum, held defendants liable for a trespass, does not prevent an affirmance of the judgment on the ground of negligence, if the evidence is sufficient to sustain a finding to this effect. The memorandum of the trial justice is no part of the judgment itself, nor does it exclude the idea that the judgment was not the result of, or based upon, a finding of negligence. The evidence is amply sufficient to sustain a finding of negligence. Bearing upon this question, it appeared that, prior to the time the pipe was broken, defendants drilled holes for the purpose of blasting within a foot or so of the place where the break

subsequently occurred, which were nearer to the pipe than the rules of the department of water supply permitted; that a quantity of dynamite was exploded in some or all of these holes without taking the precaution to turn off the water, which might have been done, or to protect the pipe in any way. Not only this, but it also appeared that the rock which was blasted could have been removed by "wedging" or by breaking it with a hammer, and, if either method had been employed, the pipe would not have been broken; and that the defendants' foreman, prior to the accident, was told that he would "burst that pipe * * * if you are not careful," to which he responded, "I will take care of the pipe." The use of high explosives, under the circumstances here detailed, in such close proximity to a 12-inch water main, through which the water was flowing, was a careless act, and one which a careful and prudent person would not have done, especially when the same result could have been accomplished without the use of such means. Booth v. Railroad Company, 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552.

But it is urged that, if defendants were negligent, they cannot be held liable for the damages sustained, inasmuch as their negligence was not the proximate cause of the damage. What is claimed in this respect is that the pipe was laid, in violation of the rules of the water department, upon rock, and not upon soft material. As already said, the defendants put off the blast. This broke the pipe, and was the proximate cause of plaintiff's damage. Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216. The proximate cause is the efficient cause—the one which necessarily sets the other cause in operation.

Upon both grounds, therefore, I think the determination is right, and should be affirmed, with costs. The appeal from the judgment should be dismissed.

VAN BRUNT, P. J., and O'BRIEN and HATCH, JJ., concur. INGRAHAM, J., concurs on last ground.

