### DERRICK v. KELLY.

(Supreme Court, Appellate Division, First Department. January 21, 1910.)

1. EXPLOSIVES (§ 12*)—LIABILITY FOR BLASTING.

A person setting off a blast on his property is liable for the damage caused by rocks thrown on the property of another.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. § 9; Dec. Dig. § 12.*]

2. EXPLOSIVES (§ 12*)—LIABILITY FOR BLASTING.

One blasting rock on his property is not liable for injury to the property of an adjacent owner, caused by the breaking of a water main 20 feet from the blast and thereby causing water to flow on the adjacent property, where he was not guilty of negligence.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. § 9; Dec. Dig. § 12.*]

Appeal from Appellate Term.

Action by William H. Derrick against Anthony Kelly. From a determination of the Appellate Term, affirming a judgment of the Municipal Court of the City of New York for plaintiff, defendant appeals. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

See, also, 118 N. Y. Supp. 1150.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Philip Carpenter (Harry Eckhard, of counsel), for appellant.

Charles Thadeas Terry (Calvin Cooper, on the brief), for respondent.

CLARKE, J. This action was begun in the Municipal Court by the service of a summons indorsed, "Action for damages to personal property." The answer was a general denial. While the pleadings were oral, a bill of particulars set forth the nature of the action, and it therein appears that the plaintiff's claim was based on the charge of negligence and carelessness on the part of the defendant, Kelly, while excavating and blasting on property on the west side of Broadway, between 144th and 145th streets, whereby a water main was broken and the water released and caused to flow into the basement of the apartment house where the plaintiff resided, and damaged certain goods and household effects that he had stored therein. After the plaintiff had rested, a motion was made to dismiss the complaint, upon the ground that plaintiff had failed to prove any carelessness or negligence on the part of the defendant. The trial judge stated that the plaintiff had not made out a case in negligence, and, over objection, permitted the plaintiff to amend his complaint, so as to make the action for "damages for injuries to personal property growing out of negligence and the trespass of the defendant." In deciding the case the trial court said in his written opinion, "Unquestionably no cause of action for negligence is made out, and defendant's liability can only be sustained by the trespass action," and upon the theory of trespass judgment was ordered for the plaintiff for the value of the goods damaged. The judgment was affirmed by the Appellate Term, which, upon motion, allowed an appeal from its determination to this court.

It appeared that on the west side of Broadway, between 144th and 145th streets, a 36-inch water main was located under the west sidewalk of Broadway, and that the center of the pipe was about 14 feet inside of the curb line and about 10 feet from the house line; the sidewalk there being 24 feet wide. The plaintiff on February 22, 1907, resided at 613 West 144th street, about 150 feet from Broadway. Kelly was engaged, and had been since the middle of January, in excavating a cellar on a lot 100 by 100 feet, which adjoined the apartment house in which the plaintiff resided, and was located at the northwest corner of Broadway and 144th street. The lot had been covered with rock, and it was necessary to use dynamite in order to remove it. The excavation had been started from the rear of the lot, working towards Broadway. On the morning of February 22d a blast which had been properly covered with logs was fired, and shortly thereafter water rushed out of a fissure and flowed down the street and into the area and cellar of the apartment house in which the plaintiff resided. Between the main and the point where the blast was fired was solid rock, about 20 feet in thickness. No rock was thrown towards the street. The logs were not disturbed over the blast. It nowhere appears that the defendant knew that this main was located under the sidewalk.

There is no evidence sustaining an allegation of negligence, and the trial court has specifically found that there was no negligence. No rock, material, or débris thrown by the blast fell upon the public street or upon the apartment house in which the plaintiff lived, nor does it appear that any rock was thrown against the water main. It is a reasonable inference that the injury to the water main was caused by concussion, transmitted through the solid rock from the blast, and the water undoubtedly escaped and caused the damage complained of because of the injury to the main.

It is the settled law that the person setting off a blast upon his property is responsible for the damage caused by a rock thrown by said blast upon the property of another, and the respondent claims that Wheeler v. Norton, 92 App. Div. 368, 86 N. Y. Supp. 1095, is a precise authority where water escapes from a pipe broken by a blast and does the damage complained of upon the same theory. We think that Wheeler v. Norton is clearly distinguishable from the case at bar. In that case the defendants were engaged in excavating for the rapid transit subway in the city of New York in the public street. Holes were drilled for the purpose of blasting within a foot of the place where the break subsequently occurred, and nearer to the pipe than the rules of the department of water supply permitted. In the case at bar the blasting was done upon private property, with a curtain of 20 feet of solid rock between the place of the blast and the water main located under the sidewalk in the public street. In the Wheeler Case the break in the pipe was the direct result of the blast, while in the case at bar it was the result of concussion.

In reversing a judgment for the plaintiff in Booth v. R., W. & O. T. R. R. Co., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552, the court repudiated the rule laid down by the trial judge that the use by the owner of property of explosives in excavating his land is at his peril, and imposes liability for any injury caused thereby to adjacent property, irrespective of negligence, and after pointing out that the rocky surface of the upper part of Manhattan Island makes blasting necessary in the work of excavation, and, unless permitted, the value of lots would be seriously affected, said:

"But the defendant here was engaged in a lawful act. It was done on its own land, to fit it for a lawful business. It was not an act which, under all circumstances, would produce injury to his neighbor, as is shown by the fact that other buildings near by were not injured. The immediate act was confined to its own land; but the blasts, by setting the air in motion, or in some other unexplained way, caused an injury to the plaintiff's house. The lot of the defendant could not be used for its roadbed until it was excavated and graded. It was to be devoted to a common use; that is, to a business use. The blasting was necessary, was carefully done, and the injury was consequential. There was no technical trespass. Under these circumstances, we think, the plaintiff has no legal ground of complaint."

In French v. Vix, 143 N. Y. 90, 37 N. E. 612, the Booth Case was reaffirmed; the court saying:

"There, after the fullest consideration, in an opinion carefully reviewing the authorities, which leaves nothing to be said, we laid down the doctrine that one who, in the reasonable care of his land, blasts rocks thereon with due

and proper care, is not liable for the inevitable damage caused thereby to neighboring property."

In Holland House Co. v. Baird, 169 N. Y. 136, 62 N. E. 149, the court said:

"The rule of law must therefore be considered as well settled in this court that negligence is essential to be proved in such a case as this of consequential injury in order to create any liability in the defendant. Now, there is nothing in the evidence showing or tending to show the fact of a negligent performance by the defendant of what blasting was necessary in the execution of his contract."

In Page v. Dempsey, 184 N. Y. 249, 77 N. E. 11, the court said:

"Where the injury involves no trespass upon the plaintiff's premises, but is due solely to concussion causing great disturbance, jarring, or vibration of the air, the plaintiff, to maintain an action to recover damages, must prove that the work was performed in a negligent and improper manner."

In Gordon v. Ellenville & Kingston R. R. Co., 195 N. Y. 137, 88 N. E. 14, where the action was brought to recover damages for a trespass alleged to have been committed by defendant upon plaintiff's farm lands, the court held that the defendant was not liable for consequential damages occasioned by it or others, unless caused by misconduct, negligence, or unskillfulness, and that by that rule the case was clearly distinguishable from Hay v. Cohoes Company, 2 N. Y. 159, 51 Am. Dec. 279, and other cases relied upon by the respondent, where there was either a physical invasion of the lands damaged or the injury was the direct result of the wrongdoer's act.

The rule is stated in a word in Benner v. Atlantic Dredging Co., 134 N. Y. 156, 31 N. E. 328, 17 L. R. A. 220, 30 Am. St. Rep. 649:

"One cannot confine the vibrations of the earth or air within inclosed limits, and hence it must follow that, if in any given case they are rightfully caused, their extension to their rightful and natural limit cannot be unlawful, and the consequential injury, if any, must be remediless."

Under the doctrine laid down by these cases, it is clear, we think, that the city would have had no cause of action against the defendant for the damage caused to its water pipe by reason of the concussion set in motion by the blast, let off without negligence on this private property. If he would not be responsible for the direct consequences of such concussion, we fail to see how he could be held for the succeeding consequences caused by the escape of water from the broken main.

It follows that the order and judgment appealed from should be reversed, and a new trial ordered, with costs in all the courts to the appellant to abide the event. All concur.