(90 Misc. Rep. 372)

### CONRON et al. v. FOX.

(Supreme Court, Appellate Term, First Department.  May 19, 1915.)

1. EXPLOSIVES ⬥⟿12—BLASTING—LIABILITY.

Defendant was excavating a trench in a street under authority of the city.  As the result of a blast, a water main was broken and the water flooded plaintiffs' cellar.  Defendant and his servants did not come into direct contact with the pipe, and neither knew nor suspected that it was located so near that damage from the blasting could be anticipated, and there were no plans on file from which the precise position of the water main could have been ascertained.  *Held*, that the facts did not show negligence, and, though there was in one sense a trespass, the water having actually entered upon plaintiffs' land, there was no trespass in a judicial sense, but only a case of consequential damage, or damnum absque injuria.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10;  Dec. Dig. ⬥⟿12.]

2. EXPLOSIVES ⬥⟿12—INJURY FROM BLASTING—SUFFICIENCY OF EVIDENCE—ADMISSIONS.

An admission by defendant that "there was an overcharge of powder on the job" was not sufficient evidence of negligence in connection with such blasting to support a recovery.

[Ed. Note.—For other cases, see Explosives, Cent. Dig. §§ 9, 10;  Dec. Dig. ⬥⟿12.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by John E. Conron and another against Henry E. Fox.  From a judgment in favor of plaintiffs, after a trial by a judge without a jury, defendant appeals.  Reversed, and complaint dismissed.

Argued April term, 1915, before GUY and BIJUR, JJ.

Samuel F. Frank, of New York City, for appellant.

Willoughby B. Dobbs, of New York City, for respondents.

BIJUR, J.  [1] Defendant was lawfully engaged in excavating a trench on West Eighty-Second street for the purpose of laying conduits for the fire department.  As the result of a blast, a nearby water main was broken, and the water eventually found its way into the cellar of plaintiffs' apartment house, where it inflicted damage for which recovery is sought.  The trench was six feet north of the southerly curb.  The water main was 4 feet 2 inches below the surface of the street, 1 foot 6 inches below the bottom of the trench, and 18 inches north of it.  A "water gate" on the surface was 10 feet south of the northerly curb.  The water main rested on rock, touched a manhole in the middle of the street, and was, at the time of the explosion, covered with dirt and concealed from view.  As a general rule, water mains are on the north side of the street, and, of course, on the

⬥⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

same side as the water gate. In the case at bar, for some reason not apparent, the main had been deflected south and around the manhole in the middle of the street. There were no maps or plans anywhere on file showing the location of the water main.

The respondents contend that, as the blast caused the escape of the water from their land, there was a trespass (by the water) caused by the act of the defendant, and, further, that there was negligence in the manner in which the blast was fired. While it may be said, since the water from the broken pipe actually came upon the plaintiffs' land, that there was a trespass in that sense, it is not a trespass in the juridical sense, but only a case of "consequential damage," namely, damnum absque injuria, arising from defendant's lawful operations. See Gordon v. Ellenville R. R. Co., 195 N. Y. 137, 88 N. E. 14, 47 L. R. A. (N. S.) 462. In that case it is pointed out that, had the complaint been framed in negligence, there would have been a question for the jury; i. e., whether an improper mode of doing its work by the defendant had not led to plaintiff's injury. Substantially the same theory underlies Derrick v. Kelly, 136 App. Div. 433, 120 N. Y. Supp. 996, which cites the Gordon Case and distinguishes Wheeler v. Norton, 92 App. Div. 368, 86 N. Y. Supp. 1095. All three cases arose out of water caused to flow upon plaintiff's land, as in the case at bar. It is to be noted that defendant's operations did not bring him or his servants into direct contact with the pipe that was broken, and that he had neither knowledge nor suspicion that the pipe was located in any such proximity as that damage from his operations could be either reasonably or at all anticipated. The case, therefore, differs fundamentally from N. Y. Steam Co. v. Foundation Co., 195 N. Y. 43, 87 N. E. 765, 21 L. R. A. (N. S.) 470. I conclude that in the case at bar there was no "direct trespass" caused by the defendant, and defendant can be held, if at all, only on the theory of negligence. See Holland House v. Baird, 169 N. Y. 136, 62 N. E. 149; also, generally, Sullivan v. Dunham, 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274. From that point of view, I see no ground of liability. The work which defendant was doing was not only lawful, but was expressly authorized by, and in the interest of, the city. It is not claimed that there existed any plans, maps, or documents from which the precise position of the water pipes in the street could be ascertained. Possibly, without anything further, defendant would have been justified in assuming that the water main ran in its usual location in side streets as testified to, namely, some six feet from the north curb; but the presence of the water gate in that location would have been sufficient to dispel any possible doubt in that regard.

[2] We are left, therefore, with the single item of defendant's alleged admission upon which to base a claim of negligence. This admission, in words, was, as testified to by plaintiffs: "He said there was an overcharge of powder on the job." As the record lies before us, I have grave doubt whether a finding that the statement had actually been made by defendant would not, in face of his denial, be against the weight of evidence, so extraordinary would the statement have been under the circumstances; but the utterance is altogether too

cryptic to constitute the basis for a recovery. In my opinion, the judgment should be reversed, and the complaint dismissed.

Judgment reversed, with costs, and complaint dismissed, with costs.