Benjamin Brenner, J.
This action was brought to recover for blasting damage, in which the jury, in response to questions propounded to it pursuant to CPLB 4111 (subd. [b]), found that the damage was causally related to vibrations from blasting, but that the defendants’ blasting operations were performed without negligence. The plaintiffs claim that decisional law in New York has steadily advanced and finally caught up with the almost universal rule imposing absolute liability for damages caused by blasting whether it be through vibration or by trespass.
This State has, of course, followed the rule in the Federal courts and in most other States that there is liability without fault for trespass where the blasting casts rock or debris upon the injured party’s property (Hay v. Cohoes Co., 2 N. Y. 159; Tremain v. Cohoes Co., 2 N. Y. 163; St. Peter v. Denison, 58 N Y. 416). However, where the damage is caused by concussion or vibration without the casting of physical materials, the courts of this State, conceiving that no trespass is involved in such case, insist upon a showing of negligence to entitle plaintiffs to a recovery. This rule was established in the case of Booth v. *959 Rome, Watertown & Odgensburg Term. R. R. Co. (140 N. Y. 267), a rule which is followed in but a handful of States. The courts of those States which have specifically rejected the rule in Booth did so in language critical of the reasoning in that case that public policy and the absence of physical invasion should be the guiding principles (Whitman Hotel Corp. v. Elliot & Watrous Eng. Co., 137 Conn. 562; Hickey v. McCabe & Bihler, 30 R. I. 346; Johnson v. Kansas City Term. Ry. Co., 182 Mo. App. 349; Exner v. Sherman Power Constr. Co., 54 F. 2d 510 [C. A. 2d, 1931]).
It is suggested in the Booth ease that there should be immunity for the blaster “ employing the necessary and usual means to adopt his lot to any lawful use, although the means used may endanger the house of his neighbor” (p. 278) —a suggestion that a necessary use of land, though dangerous and just short of negligence, may excuse him. In any case, the Booth case has established a principle in this State that the mere setting of air in motion gives “ no legal ground of complaint ” (p. 280). This latter concept, until recently, has been adopted (without question) by our courts (Holland House Co. v. Baird, 169 N. Y. 136; Page v. Dempsey, 184 N. Y. 245, 251-252; Shemin v. City of New York, 6 A D 2d 668).
The logic involved in the distinction between force attendant upon physical invasion of material objects and the blasting force from concussion or shock waves really escapes me. (In my opinion, they differ, if at all, only in the degree of damage involved. Indeed, there is possibility of greater damage from concussion.) The absence of logic in such distinction is also the view in the Federal courts and in most of the other State courts. Thus, in Whitman Hotel Corp. v. Eliott & Watrous Eng. Co. (supra, p. 569) the court stated: “ public policy does not demand that private citizens go unrecompensed for damage to their property caused by vibration for the sake of encouraging other persons to build structures on other land. If it did, it would also preclude the right to recover for damage done by rocks hurled on their land ”. The court there further held (p. 570) that the distinction between trespass involving actual physical invasion by rocks, etc., and concussion is not a true one since “ it would seem that the jarring of a man’s real property by vibration or the concussion in the atmosphere above it is, in actuality, a physical invasion of that property. Trespass to real property is the doing of direct injury to that property with force. ® * * When one’s building is damaged by vibration or concussion from a blast, the injury is done directly by the physical movement of the earth or of the air which has been *960 started by the blast. For any practical purpose such movement is just as much a physical invasion as the throwing of debris through the atmosphere and the injury done by it is just as direct.” The court also felt that one of the bases for the Booth rule was the old technical rules of common-law pleading and rejected this, since it felt that the distinction between the forms of action no longer controlled the substantive law of today.
In Exner v. Sherman Power Constr. Co. (supra, p. 514), Judge Augustus Hast), speaking for the Second Circuit, analyzed the law as it existed at that time and, in rejecting the Booth case rule, stated: ‘ The extent to which one man in the lawful conduct of his business is liable for injuries to another involves an adjustment of conflicting interests. The solution of the problem in each particular case has never been dependent upon any universal criterion of liability (such as * fault ’) applicable to all situations. If damage is inflicted, there ordinarily is ]lability, in the absence of excuse. When, as here, the defendant, though without fault, has engaged in the perilous activity of storing large quantities of a dangerous explosive for use in his business, we think there is no justification for relieving it of liability, and that the owner of the business, rather than a third person who has no relation to the explosion, other than that of injury, should bear the loss.” And at page 513 the court said: ‘ ‘ The liability of the defendant is not founded * * * on negligence, which was not proved, but upon the ground that the use of dynamite is so dangerous that it ought to be at the owner’s risk.”
Fortunately, the rule in Booth has undergone some change even in this State. For example, where the severity of the blast is shown, the defendant must go forward with affirmative proof that proper blasting methods were used (Kaninsky v. Purcell & Gilfeather, 158 N. Y. S. 165). Even more significant, if the blasting is dangerous and continuous, it constitutes a nuisance and there is liability without fault (Dixon v. New York Trap Rock Corp., 293 N. Y. 509; Moore v. Newport Quarries, 285 App. Div. 640). And in Coley v. Cohen (289 N. Y. 365, 369), the plaintiff was permitted to recover without proof of negligence on the theory that the indemnification provisions of the contract between the defendant and the city for which the blasting was done were intended for ‘ protection of third persons against damages arising out of blasting operations and accidental explosions regardless of whether liability therefor would ordinarily exist. ’ ’
The validity of the rule in Booth is directly questioned in the recent case of Schlansky v. Augustus V. Riegal, Inc. (9 N Y 2d *961 493, 496), wherein the court stated :¡ “ Plaintiffs-appellants press for a ‘ reexamination and reappraisal ’ of the New York case law which imposes strict liability for blasting damage when there is physical trespass but insists on proof of negligence in the blasting when no flying debris is cast onto a plaintiff’s premises. Were the question properly before us we would have to decide whether the present New York rule should be modified so as to conform to the more widely (indeed almost universally) approved doctrine that a blaster is absolutely liable for any damages he causes, with or without trespass [citing cases].”
It is perfectly true that in the Schlanshy case the court did deal with the subject of fault, as it was compelled on the record to do. Yet it altered the order and degree of proof of negligence to that approximating the res ipsa loquitur doctrine. The most important aspect of the holding, however, is that for the first time it suggests the possibility of modification of the New York rule.
Just as liability without fault has been adopted to protect workers in certain labor situations and to protect purchasers and users of certain products, absolute liability should also be imposed for the protection of those who suffer damage through blasting, whether or not there be actual physical trespass. Our highest appellate court has not hesitated to replace long-established doctrines in recent years where the change was much more drastic than a change which would erase an unrealistic distinction between the invasion of property through thrown materials and the invasion of property through vibration or concussion (see, e.g., Bing v. Thunig, 2 N Y 2d 656; Battalla v. State of New York, 10 N Y 2d 237).
Though I declined to charge the jury on the theory of asbolute liability, it was made plain that the issue would be decided by the court under the authority of CPLR 4111 (subd. [a]) if the jury found that the damage was caused by the blasts without fault. The plaintiffs cannot therefore be said to have abandoned the theory of absolute liability and to have relied solely on negligence. Accordingly, I hold that the plaintiffs are entitled to recover for their property damage due to the defendants’ blasting activities on the theory of absolute liability though there was no physical trespass.
Defendants’ motion to dismiss is denied and plaintiffs are granted judgment in the sum of $3,600, as found by the jury to constitute the actual damage sustained.