Richard D. Simons, J.
The defendant village dynamited congested ice in West Canada Creek, a natural boundary which flows between defendant village and defendant town. The blast caused the ice to flow down the creek a short way, become impacted against bridge abutments, and back up the creek waters over a high retaining wall onto plaintiffs ’ lands. Defendants say there are no factual questions to be tried and that as a matter of law, they are not liable to plaintiffs for the damage.
The village moves for summary judgment, dismissal of the complaint for failure to state a cause of action and in the alternative, consolidation of the two cases. The motions are denied.
The town moves for summary judgment. The motion is granted.
The plaintiffs make no motions. Plaintiffs are granted partial summary judgment on the issue of liability against defendant village. Trial is directed solely on the question of damages. (CPLR 3212, subds. [b] and [g].)
A municipal corporation is not liable for the overflow of a watercourse in’ the absence of conditions imposing some duty with respect to the watercourse upon it. It has no duty to restrain waters between the banks of a stream or to keep the channel free of obstructions it did not cause. (O’Donnell v. City of Syracuse, 184 N. Y. 1; Seaman v. The Mayor of the City of N. Y., 80 N. Y. 239 ; Coonley v. City of Albany, 132 N. Y. 145; McCutchen v. Village of Peekskill, 167 Misc. 460.) The failure to provide drainage is not a breach of a duty which imposes liability on a municipality in favor of an injured party. (Seaman v. The Mayor of the City of N. Y., supra; O’Donnell v. City of Syracuse, supra; 40 N. Y. Jur., Municipal Corporations, § 1023.)
*188 There is no evidence in the record to show that the village or town exercised any dominion or control over the creek or in any way used it or attempted to regulate it. The town’s presence in this lawsuit apparently results solely from the fortuitous circumstance that West Canada Creek flows within its geographical boundaries.
There is evidence in the record that various improvements have been made in the stream area from time to time. Those improvements were made by the State in constructing bridges, by railroads for bridges crossing the stream, and by the United States Corps of Engineers for the purpose of regulating flood control. None of these are attributed to either of the defendants unless it be the erection of the so-called Protection Street or embankment on the west side of the creek erected by the village. That activity alone would not support liability on this record.
The village has dynamited ice jams in the creek for many years, and of course, did so at the time of this accident.
A municipality may be held liable where it undertakes to control drainage and in doing so casts water on private land. (40 N. Y. Jur., Municipal Corporations, § 1022.) The attempt to prevent flooding of the creek was a proper exercise of power, but the village became responsible to those injured by its acts if improper means or methods were employed. (Seifert v. City of Brooklyn, 101 N. Y. 136; Byrnes v. City of Cohoes, 67 N. Y. 204.)
The means employed was 2 or 3 bundles of dynamite containing 5 sticks each. The method was to throw or slide the bundles onto the ice, hopefully to break up the ice and divert the water into flats or ponding areas west of the creek bed and down the main channel. It did not work. The water went down the wrong channel, the ice became impacted under the bridge and the water backed up onto plaintiffs’ land on the east shore, flowing over a high retaining wall erected by the State of New York to protect plaintiffs’ land.
Liability for damages caused by blasting may be imposed on the basis of negligence, nuisance, trespass or contract.
The general rule is that an action in tort will not lie for damages caused by concussion or vibration resulting from blasting unless negligence or nuisance is charged and proved. (But cf. Schlansky v. Augustus V. Riegel, Inc., 9 N Y 2d 493; Heimer v. Johnson, Drake & Piper, 51 Misc 2d 958.) Proof of damage to property by blasting is not enough. It must be shown that the blaster owed a duty to the one damaged and failed to exercise due care. (Booth v. Rome, Watertown & Ogdensburg Term. R. R. Co., 140 N. Y. 267.) Where there has been a physi *189 cal trespass by deposit of stone, earth or debris upon the lands of another by blasting operations, absolute liability is imposed on the blaster without regard to fault. (Schlansky v. Augustus V. Riegel, Inc., supra; St. Peter v. Denison, 58 N. Y. 416; Hay v. Cohoes Co., 2 N. Y. 159; Heimer v. Johnson, Drake & Piper, supra.)
The acts of the village were a direct cause of the water flowing onto plaintiffs’ land. (Wheeler v. Norton, 92 App. Div. 368; Lersner v. McDonald, 38 Misc. 734; contra, Derrick v. Kelly, 136 App. Div. 433; Conron v. Fox, 90 Misc. 372.) The defendant village trespassed on plaintiffs’ land by flooding it. (Seifert v. City of Brooklyn, supra, p. 145; Mairs v. Manhattan Real Estate Assn., 89 N. Y. 498; Wheeler v. Norton, supra; Lersner v. McDonald, supra; 87 C. J. S., Trespass, § 13, subd. c.) The village is liable for a trespass the same as any private individual. (Seifert v. City of Brooklyn, supra; 40 N. Y. Jur., Municipal Corporations, § 1027.) The law imposes strict liability for damages caused by trespass resulting from blasting on individuals and municipalities alike and the defendant village is strictly liable to the plaintiffs.
In the examination before trial, there is conflicting testimony as to whether the actual dynamiter, Mr. Marshall, was an independent contractor or an employee of the village at the time. That would not alter the village’s responsibility. It may not insulate itself from liability by delegating inherently dangerous work to an independent contractor. (40 N. Y. Jur., Municipal Corporations, § 983; 22 N. Y. Jur., Explosions and Explosives, § 48; Horn v. State of New York, 51 Misc 2d 124.) The village officers determined to dynamite, not the contractor. Blasting is not inherently dangerous (French v. Vix, 2 Misc. 312, 317, affd. 143 N. Y. 90) but dynamiting ice, thereby releasing an uncontrollable head of water is.
The plaintiffs have sued the defendant village on the theory of negligence.
It is established that a party may not defeat a motion for summary judgment because he may have a good cause of action different from that stated in the complaint. (Cohen v. City of New York, 283 N. Y. 112; Bright v. O’Neil, 3 A D 2d 728; Potolski Int. v. Hall’s Boat Corp., 282 App. Div. 44.) An obvious corollary to that rule is that a party may not recover summary judgment on a cause of action not pleaded. (Burgin v. Ryan, 238 App. Div. 122.) The relief under such circumstances is to grant an appropriate order with leave to replead. In each of the cases examined, the additional information supplied in the affidavits raises issues of fact entitling the case to go to *190 trial. To that extent, they differ from this case. Repleading by the plaintiffs would result in nothing more than an amended complaint stating the same acts but denominating the nature of the action as trespass rather than negligence and would call for summary judgment in favor of the plaintiffs. This is an unnecessary expenditure of legal and judicial time.
Trespass is the interference with a person’s right to possession of real property either by an unlawful act or by a lawful act performed in an unlawful manner. The act must be intentional and the damages a direct consequence of the defendant’s act. (87 C. J. S., Trespass, § 4.) All of those elements are pleaded in the plaintiffs’ complaint although the additional claims of negligence are also made.
The form of an action is to be determined by the substance of the allegations and not by the legal conclusions contained in the pleadings. The acts complained of are sufficiently identified and the defendant’s ability to defend has not been altered or prejudiced by the surplusage regarding negligence. Relief after trial on the theory of trespass was granted although negligence was pleaded in Sullivan v. Dunham (161 N. Y. 290, 300); Hall Sons’ Co. v. Sundstrom & Stratton Co. (138 App. Div. 548, 549, affd. 204 N. Y. 660).
This is not a corrective motion or a determination after trial. Nevertheless, the plaintiffs demonstrate a clear right to summary relief. It should not be denied because they misconceived the theory of the case.