■ MARTIN J. AIN, Respondent, v DONNA GLAZER, Appellant. [683 NYS2d 241] —Order, Supreme Court, New York County

(David Saxe, J.), entered July 10, 1997, which, to the extent appealed from, denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, with costs.

The denial of defendant's motion to dismiss plaintiff's cause of action for trespass was proper since the complaint adequately alleged defendant's intentional and unlawful interference with plaintiff's right to possession of certain real property and resultant damages (*see, Annutto v Town of Herkimer*, 56 Misc 2d 186, 190, *affd in relevant part* 31 AD2d 733, *appeal dismissed* 24 NY2d 820). Contrary to defendant's argument, plaintiff was not required to plead special damages with greater particularity (*see, Prince v Gurvitz*, 37 AD2d 727).

Plaintiff's second cause of action for intentional infliction of emotional distress was also adequately pleaded. As the motion court found, the record contains evidence from which a reasonable fact finder might conclude that defendant's conduct towards plaintiff had been sufficiently extreme and outrageous to warrant imposition of liability for that tort (*see, Howell v New York Post Co.*, 81 NY2d 115, 121-122). Nor was the second cause of action time-barred pursuant to the applicable one-year Statute of Limitations set forth in CPLR 215, since plaintiff sufficiently set forth a continuing course of tortious conduct extending into the one-year period immediately preceding commencement of his action (*see, Drury v Tucker*, 210 AD2d 891). Concur—Rosenberger, J. P., Nardelli, Williams and Mazzarelli, JJ.