**Caiaccia v New York City Dept. of Educ.**

2025 NY Slip Op 32306(U)

June 26, 2025

Supreme Court, New York County

Docket Number: Index No. 158238/2023

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARIEL D. CHESLER**

*Justice*

PART 62M

-----------------------------------------------------------------------------X

LAUREN CAIACCIA,

INDEX NO. 158238/2023

MOTION DATE 03/29/2024

Plaintiff,

MOTION SEQ. NO. 002

- v -

NEW YORK CITY DEPARTMENT OF EDUCATION, BRIAN
CONDON, ELLEN FEE, VERONICA YORK

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47

were read on this motion to/for          DISMISS          .

Upon the foregoing documents, it is

Plaintiff Lauren Caiaccia, currently employed by defendant the New York City

Department of Education ("DOE"), brings this action against the DOE, Brian Condon

("Condon"), Ellen Fee ("Fee") and Veronica York ("York") (collectively "defendants"), alleging

that she was retaliated against for whistle blowing activity, in violation of New York Labor Law

§ 740 ("NYLL § 740"), and also asserting a claim for intentional infliction of emotional distress

("IIED").

Defendants move, pursuant to CPLR 3211 (a) (7), for dismissal of the Complaint.

Plaintiff cross-moves, pursuant to CPLR 3025 (b), for leave to amend the Complaint.

For the reasons set forth below, defendants' motion to dismiss is granted, and plaintiff's

motion for leave to amend the complaint is denied as futile.

158238/2023   CAIACCIA, LAUREN vs. NEW YORK CITY DEPARTMENT OF EDUCATION ET AL          Page 1 of 14
Motion No. 002

1 of 14

[* 1]

## FACTUAL BACKGROUND

The following facts are taken from the complaint and are assumed to be true for the purposes of this motion (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). Plaintiff has been employed by the DOE at the Townsend Harris High School (the "School") as a Physical Education Teacher, Girls Varsity Coach, and Athletic Director for over sixteen years. The School offered a Physical Education course programmed as a class called Team Gym to provide class credit for students on two team sports in a semester (complaint [NYSCEF Doc No. 1], ¶ 15). Plaintiff alleges that she observed students receiving credit for Team Gym classes for which they were unqualified for in violation of 8 NYCRR 135.4(2) (*id.*, ¶ 18). Plaintiff reported this violation to the school administration and administration eventually removed the students from those classes (*id.*, ¶ 19-20). However, plaintiff noticed continued violations of students not appropriately placed in the Team Gym classes and repeatedly reported this to the school administration to no avail. Plaintiff then reported the violations to a union representative (*id.*, ¶ 25). Plaintiff generally alleges that after she made this report, defendants retaliated against her by "orchestrat[ing] a campaign to maliciously destroy plaintiff's reputation and career as a teacher, and to protect themselves from exposure due to their violations" (*id.*, ¶ 87). Plaintiff further alleges that beginning in April 2022, defendants vilified her via email as the reason administration removed some students from Team Gym classes; refused meetings with her about her reporting; refused to speak with her about any substantive matters; ignored her at school events; allowed an assault against her on school grounds by another teacher; did not choose her for a "compensatory time position"; investigated a student complaint against her, resulting in a letter to her file; excluded her from new student orientation; and prevented her from posting job opportunities as she once did in her role (*id.*, ¶ 82).

[* 2]

More specifically, plaintiff asserts that, after the OSI report, defendant Condon and York refused to speak to her about any substantive matters. According to plaintiff, Condon would not even respond to her questions in her role as Athletic Director, and when Condon had a question for her, he had his secretary speak to her on his behalf (*id*., ¶ 30). Fee did speak to plaintiff, but was short and disrespectful (*id*., ¶ 31).

According to plaintiff, Condon, York, and Fee's campaign of ostracization continued after Raymond Adamkiewicz, another Physical Education teacher, confronted plaintiff for reporting the Team Gym course credit violations. During this confrontation, Adamkiewicz became aggressive toward plaintiff, flexing his forearms, banging his hands on the table before him, and punching the refrigerator near him so hard it left a dent (*id*., ¶ 34). Plaintiff immediately reported Adamkiewicz's attack to one of her co-teachers and sought medical attention from the school nurse, as she was terrified and experienced a panic attack (*id*., ¶ 35). Plaintiff asserts that defendants refused to meet with her about the alleged assault, failed to properly investigate it (*id*., ¶¶ 36-45), and later "wrote up Plaintiff" instead, because Adamkiewicz accused her of bullying (*id*., ¶ 51). Plaintiff further asserts that, after her complaint about Adamkiewicz's conduct, defendants' harassment of plaintiff escalated to the point where Condon, York, and Fee completely ignored and snubbed plaintiff not just in private, but in public in front of other staff and students (*id*., ¶ 45).

For example, on June 2, 2022, plaintiff attended a PTA dinner, where Condon and Fee both ignored her, despite her attempts to greet them in a professional manner (*id*., ¶ 47). On June 13, 2022, Condon appeared for an Athletics Awards dinner and dance that plaintiff had organized in her role as Athletic Director. According to plaintiff, Condon wore sweat shorts, even though it was a semi-formal event, and did not leave the lobby, speak to plaintiff, or address

158238/2023 CAIACCIA, LAUREN vs. NEW YORK CITY DEPARTMENT OF EDUCATION ET AL        Page 3 of 14
Motion No. 002

3 of 14

the more than 200 athletes who attended the event, as he had always done in the past, before plaintiff reported the Team Gym violations (*id*., ¶ 48). On June 15, 2022, Condon, Fee and York attended a retirement dinner, but did not speak to plaintiff, even though they spoke to other members of the Physical Education Department, including Adamkiewicz.

In June 2022, plaintiff applied for a contractual Senior Advisor position at the school, but never received an interview. Instead, on August 29, 2022, Condon gave the job to his friend Blayne Gelbman, who was allegedly less qualified, and had less seniority than plaintiff (*id*., ¶ 55). Plaintiff alleges that, when she grieved Gelbman's appointment, Condon used defendants' biased investigation into Adamkiewicz's conduct and the letter improperly put in her file as the basis for denying her the position. As a result, she lost a Compensatory Time Position (*id*., ¶ 56). According to plaintiff, Condon's retaliation continued when, in October 2022, he attempted to remove her from her position as Athletic Director, which was renewed annually, and for which she had been selected to hold that position again for the 2022-23 school year (*id*.). She asserts that, even when she was reinstated to that position, she was not given her full duties (*id*., ¶ 62). Plaintiff asserts that defendants again retaliated against her in January 2023 based upon a student stating that plaintiff had "treated [her] unfairly" in mid-November 2022, by putting a letter in her file which falsely stated that plaintiff was guilty of misconduct with respect to the student (*id*., ¶¶ 63, 68). According to plaintiff, the letter violated the union contract as it was put in her file more than 90 days after the alleged incident, but that, instead of removing the letter as he was required to, Condon reissued his findings as a "non-letter to file" (*id*., ¶ 69). Plaintiff asserts that the "non-letter to file" was an act of retaliation, as no other employee had a "non-letter" placed in their file (*id*., ¶ 70).

On May 30, 2023, plaintiff again requested that Condon provide an official update as to the status of her complaint against Adamkiewicz, but she received no response (*id*., ¶ 72). On June 12, 2023, when plaintiff's union representative asked Condon for a status on her complaint against Adamkiewicz, Condon claimed that plaintiff's complaint had been "rolled into" Adamkiewicz's complaint against her into a single investigation, which had resulted in a letter to plaintiff's file (*id*., ¶ 72).

Plaintiff alleges that, on June 26, 2023, in a final act of retaliation for the school year, defendants excluded her from new student orientation, even though it had previously been her responsibility to introduce herself as Athletic Director to incoming freshman athletes, present information regarding the school's athletic teams and programs, and answer questions. (*id*., ¶ 75).

On August 18, 2023, plaintiff commenced this action against defendants. In her first cause of action, she asserts a Labor Law § 740 whistleblower claim against the DOE, and seeks compensatory damages, reimbursement for medical fees, pain and suffering from the assault and emotional distress, plus attorneys' fees and costs (*id*., 76-85). In her second cause of action, plaintiff asserts a claim for intentional infliction of emotional distress against all defendants, and seeks an award of damages, including punitive damages (*id*., ¶¶ 86-96). On January 27, 2023, plaintiff filed a notice of claim against the DOE.

## DISCUSSION

Initially, defendants moved to dismiss the complaint on the ground that Labor Law § 740, the so-called whistle-blower statute, applies only to private employers, and that thus, claims under this statute cannot be asserted against public employers and officials (*see e.g. Yan Ping Xu v New York City Dept. of Health*, 77 AD3d 40, 48 [1st Dept 2010] ["Petitioner's attempt to

158238/2023   CAIACCIA, LAUREN vs. NEW YORK CITY DEPARTMENT OF EDUCATION ET AL        Page 5 of 14
   Motion No.  002

5 of 14

invoke Labor Law § 740 is also unavailing, since that statute is not applicable to wrongful discharge claims against public employers"]).

In response, plaintiff cross-moved for leave to amend her complaint to substitute Civil Service Law (CSL) § 75-b, which is the identical statute that is applicable to public employers like the DOE (*see Hanley v New York State Exec. Dept.*, 182 AD2d 317, 320 [3d Dept 1992] [both Labor Law § 740 and CSL § 75-b "prohibit employers from taking retaliatory action against their employees for disclosing wrongful activities by their employers"]).   Outside of this one change, plaintiff's factual allegations remain the same (*see* proposed amended complaint [NYSCEF Doc No. 37]).

Pursuant to CPLR 3025 (b), "[a] party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties."  As a general proposition, leave to amend pleadings "should be freely granted" (*RBP of 400 W42 St., Inc. v 400 W. 42nd St. Realty Assoc.*, 27 AD3d 250, 250 [1st Dept 2006]).  However, a motion for leave to amend in response to a motion to dismiss the complaint is "futile" and should be denied where "the defects [in the complaint] are [not] cured by the proposed ... amended complaint" (*Meimeteas v Carter Ledyard & Milburn LLP*, 105 AD3d 643, 643 [1st Dept 2013]). The motion is similarly futile if the proposed amendment "suffers from the same fatal deficiency as the original claims" (*Stang LLC v Hudson Sq. Hotel, LLC*, No. 653600/2015, 2016 NY Misc LEXIS 4580, * 43-44 [Sup Ct, NY County 2016]).

Construing the claims in the generous matter to which they are entitled, this court nevertheless concludes that plaintiff's motion to amend the complaint must be denied as futile, because, as set forth more fully below, the complaint is barred by both the statute of limitations,

158238/2023   CAIACCIA, LAUREN vs. NEW YORK CITY DEPARTMENT OF EDUCATION ET AL          Page 6 of 14
    Motion No.  002

6 of 14

and plaintiff's failure to file a timely notice of claim (*see Ascher v New York City Dept. of Educ.*, 234 AD3d 429, 430 [1st Dept 2025] [affirming denial of leave to amend the complaint on ground that "(a)n amendment would have been futile because plaintiff's proposed amendment failed to correct the timeliness defect]; *see also Farina v Katsandonis, P.C.*, 197 AD3d 1033, 1033 [1st Dept 2021]). Accordingly, defendants' motion to dismiss is granted.

In the instant proceeding, both the CSL § 75-b and intentional infliction of emotional distress claims are barred by the statute of limitations. CSL § 75-b provides that an employee may institute a civil action within one year after alleged retaliatory personnel action was taken against them (*Donas v City of New York*, 62 AD3d 504, 505 [1st Dept 2009] ["a claim under CSL § 75–b must be brought within one year after it accrues"]; *accord Watro v Nassau Boces Bd. of Coop. Educ. Servs.*, 194 AD3d 773, 774 [2d Dept 2021]). With respect to the intentional infliction of emotional distress claim, it is well settled that a tort action against the DOE and its employees, other than one for wrongful death, must be commenced within one year and ninety days of the act complained of (Educ Law § 3813 (2); *see Borst v New York City Dept. of Educ.*, 2019 WL 4736737, * 7, 2019 US Dist. LEXIS 167870, * 20 [ED NY 2019]).

Plaintiff commenced this action on August 18, 2023, and, therefore, only the retaliatory acts that were alleged to have occurred on or after August 18, 2022, may be considered as timely. Plaintiff alleges that defendants retaliated against her by orchestrating a malicious campaign against her in the form of vilifying her as the reason administration removed some students from Team Gym classes; refusing meetings with her about her report to the union representative; ignoring her at school events; allowing an assault against her on school grounds; refusing to select her for a position; investigating a student complaint against her resulting in a letter to her file; excluding her from new student orientation; and preventing her from posting job

**158238/2023 CAIACCIA, LAUREN vs. NEW YORK CITY DEPARTMENT OF EDUCATION ET AL**      **Page 7 of 14**
  Motion No. 002

7 of 14

[* 7]

opportunities as she once did (*see* complaint, ¶ 82).  Plaintiff alleges that defendants took these actions because she "engaged in protected activity", i.e., reporting school credit fraud in violation of New York City Rules and Regulations 135.4 (2) (*id.*, ¶¶ 80-81).  However, even if the court were to construe these actions as retaliatory personnel actions taken against plaintiff, the complaint alleges actions going back as far as April 12, 2022, when Assistant Principal Fee sent an email to the staff allegedly concerning plaintiff (*id*, ¶ 28).  Plaintiff refers to these actions as a "campaign to maliciously destroy Plaintiff's reputation and career as a teacher" (*id.*, ¶ 87).  Taking plaintiff's allegations as true, if this "campaign" began on April 12, 2022, then plaintiff had until April 12, 2023, to file her Complaint under CSL § 75-b, and until July 11, 2023, to assert her intentional infliction of emotional distress claim.  However, plaintiff failed to file her complaint until August 18, 2023.  As such, the complaint is time-barred (*see Militinska-Lake v Kirnon*, 2023 WL 7648511, * 4 [2d Cir 2023] [dismissing CSL § 75-b claim that was asserted outside the one-year statute of limitations period]; *Rubin v New York City Bd. of Educ.*, 2023 WL 1972729, * 20 [SD NY 2023]; *see e.g. Ascher*, ___ AD3d ___, 225 NYS3d at 212 [finding CSL § 75-b claim untimely because "(e)ven assuming that the failure to implement that recommendation (for reinstatement) constituted a retaliatory act, the action was commenced over a year after the report was issued"]; *Winslow v New York-Presbyterian/Weill-Cornell Med. Ctr.*, 203 AD3d 533, 533 [1st Dept 2022] ["The claim for intentional infliction of emotional distress is barred by the ... statute of limitations"]).

Plaintiff's claims are also barred because she failed to timely file a notice of claim. Pursuant to New York Education Law § 3813: "no action or special proceeding, for any cause whatever ... involving the rights or interests of any district or any such school shall be prosecuted or maintained against any school district, board of education ... unless it shall appear by and as

**158238/2023   CAIACCIA, LAUREN vs. NEW YORK CITY DEPARTMENT OF EDUCATION ET AL**      **Page 8 of 14**
  **Motion No.  002**

8 of 14

[* 8]

an allegation in the complaint or necessary moving papers that a written verified claim upon which such action or special proceeding is founded was presented to the governing body of said district or school within three months after the accrual of such claim" (Educ Law § 3813 [1]). Plaintiff is clearly seeking compensatory damages in this matter (*see* complaint, ¶¶ 84-85, 96). Because plaintiff is seeking compensatory damages, she is required to file a notice of claim prior to bringing suit under CSL § 75-b, or for intentional infliction of emotional distress (*see Rose v New York City Health & Hosps. Corp.*, 122 AD3d 76, 85 [1st Dept 2014] [establishing the rule that, "(c)laims in equity also seeking substantial damages ... will be dismissed or may be severed and the monetary claims dismissed if no notice of claim has been filed"]).

Under CSL § 75-b, a retaliatory personnel action is defined as an "action affecting compensation, appointment, promotion, transfer, assignment, reassignment, reinstatement or evaluation of performance" (CSL § 75-b [1] [d]). Here, the only allegation that could conceivably fit within this parameter is plaintiff's claim that she lost the Senior Advisor position on August 29, 2022, when it was given to someone else. Thus, plaintiff was required to file a Notice of Claim within three months of that action: in this case, by November 28, 2022. However, plaintiff failed to file a Notice of Claim until January 27, 2023. Because the Notice of Claim was filed late, it is now a nullity (*see Mosheyev v New York City Dept. of Educ.*, 144 AD3d 645, 646 [2nd Dept 2016] ["here, the plaintiff's service of a late notice of claim upon the defendant New York City Department of Education ... was a nullity because it was made without leave of court"]).

Moreover, a notice of claim must be filed even where past or ongoing litigation has involved related factual assertions, thereby giving the DOE knowledge of the claims asserted (*see Varsity Tr., Inc. v Board of Educ. of City of New York*, 5 NY3d 532, 536 [2005]). As such,

158238/2023   CAIACCIA, LAUREN vs. NEW YORK CITY DEPARTMENT OF EDUCATION ET AL          Page 9 of 14
Motion No.  002

9 of 14

[* 9]

any new incidents require a new Notice of Claim (*see id.*). In her complaint, plaintiff alleges newer events that occurred after the Notice of Claim was filed. These events include putting a letter in plaintiff's file on March 9, 2023, and preventing her from participating in new student orientation on June 26, 2023. Since these are new actions, they require new Notices of Claim. However, the time to file a Notice of Claim in connection with these actions would have accrued on June 7, 2023 and September 25, 2023, respectively. Plaintiff failed to do so. As such, the claim under CSL § 75-b is barred by the applicable Notice of Claim requirements, and must be dismissed.

Plaintiff also failed to timely file a Notice of Claim for her intentional infliction of emotional distress claim. Plaintiff had ninety days to file a notice of claim for this cause of action against the DOE and its employees (*see* Educ Law §§ 3813 [1] and [2]). However, in her Notice of Claim, plaintiff relies on incidents that all fall outside of this timeframe. Plaintiff cites to an alleged assault by a non-party teacher in May of 2022, her loss of the Senior Advisor position, and the substantiation of a student complaint against her (*see* complaint, ¶ 82). All events, except the substantiation of the student complaint, occurred before October 27, 2022. However, plaintiff belatedly served a Notice of Claim with respect to these events on January 27, 2023. Since the above-mentioned events occurred outside the timeframe allotted for the present Notice of Claim (October 27, 2022 – January 27, 2022), the present Notice of Claim does not cover them. Although the substantiated student complaint occurred on March 9, 2023, after plaintiff filed a Notice of Claim, new discrete acts require a new Notice of Claim, which plaintiff failed to file.

Accordingly, the Notice of Claim is untimely as to her intentional infliction of emotional distress claim, and as such, it must be dismissed.

[* 10]

In opposition to the motion, plaintiff argues that her claims for intentional infliction of emotional distress and CSL § 75-b are not time-barred because of the continuing violation doctrine.

A "continuing violation exception" applies to tortious acts, including intentional infliction of emotional distress (*Shannon v MTA Metro-N. R.R.*, 269 AD2d 218, 219 [1st Dept 2000]). In an action for intentional infliction of emotional distress, acts not within the one-year limitations period are not time-barred so long as the final act occurred within the limitations period (*Galvin v Francis*, 2003 NY Slip Op 51095[U], *2 [Sup Ct, Richmond County 2003]). Claims that sufficiently set forth a continuing course of tortious conduct extend the one-year period immediately preceding the commencement of this action (*see Ain v Glazer*, 257 AD2d 422, 423 [1st Dept 1999]). Therefore, acts outside of the notice of claim or statute of limitations period can be considered where a plaintiff sufficiently sets forth concrete factual allegations of a continuing course of conduct that terminated within one year of commencement of the action (*see Drury v Tucker*, 210 AD2d 891, 892 [4th Dept 1994]). The continuing violation doctrine also applies to claims for retaliation under Civil Service Law §75-b (*Grosz v New York City Dept. of Educ.*, 2023 NY Misc LEXIS 2433, * 32 [Sup Ct, NY County 2023] ["The continuing violation doctrine applies to Civil Service Law § 75-b claims"] [internal citation omitted]; *see also Petit v Department of Educ. of the City of New York*, 177 AD3d 402, 403-04 [1st Dept 2019] [applying the continuing violation doctrine to find that, on a pre-answer motion to dismiss, the complaint stated timely claim for retaliation and other claims]).

Plaintiff argues that the Complaint details separate discrete acts which constitute continuing unlawful acts perpetrated against plaintiff, all because she reported defendants' school credit fraud. Although these acts are outside the statute of limitations, plaintiff contends

that additional discrete actions continued within the statute of limitations, beginning with defendants' attempt to remove her from her Athletic Director position. According to plaintiff, this continuous course of conduct extended the statute of limitations for both of her claims. The court rejects plaintiff's argument, as plaintiff admits that she has only alleged "separate discrete acts" that are outside of the statute of limitations, along with "[a]dditional discrete actions ... within the statute of limitations" (*see* NYSCEF Doc. 42). However, the continuing violation doctrine does not apply to CSL § 75-b claims when "all of the allegations of adverse employment actions set out in plaintiff's complaint ... constitute discrete discriminatory acts" (*Vucinaj v NYC Police Dept.*, 2023 NY Slip Op 32253[U], \*\* 12 [Sup Ct, NY County 2023]; *see e.g. Thomas v City of Oneonta*, 90 AD3d 1135, 1137 [3d Dept 2011] [stating that the doctrine "'may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct,'" and finding that "all of the acts alleged by plaintiff ... constitute single and distinct events"] [citation omitted]; *Donas v. City of New York*, 62 AD3d 504 [1st Dept 2009]). Similarly, for claims of intentional infliction of emotional distress, the complaint must allege a "continuous course of tortious conduct," and not just unrelated acts as alleged in the instant complaint (*Ain*, 257 AD2d at 423).

Plaintiff's admission that she only alleged discrete actions is reflected by the allegations in the Complaint. Specifically, plaintiff concedes that the following discrete alleged actions occurred outside of the statute of limitations: (1) Principal Condon used his secretary to talk to plaintiff; (2) defendants vilified plaintiff at individual meetings with students; (3) Principal Condon ignored plaintiff on different and separate instances, including not participating in an awards dinner; and (4) defendants allowed Adamkiewicz to perpetrate an act of violence against her, refused to investigate her subsequent complaint, and put a letter in her file after finding

Adamkiewicz's claim against plaintiff was supported. In fact, as plaintiff further concedes, the discrete acts that fall within the statute of limitations begin with defendants' alleged attempt to remove plaintiff from the Athletic Director position. This act, however, is unrelated to any of the time-barred acts and, therefore, cannot form the basis to apply the continuing violation doctrine (*see Vucinaj*, 2023 NY Slip Op 32253[U], ** 11 [continuing violation doctrine only "permits otherwise time-barred acts to be considered by the Court" when they are "'part of a single continuing pattern of unlawful conduct'"] [citation omitted]; *see also Henry v Bank of Am.*, 147 AD3d 599, 60 [1st Dept 2017] [continuing violation doctrine may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct"]).

Accordingly, because plaintiff fails to allege a continuous course of related conduct, all discrete acts outside of the statute of limitations are time-barred. Thus, the complaint must be dismissed as time-barred.

In light of the above, it is unnecessary to consider the parties' remaining arguments.

Accordingly, it is

**ORDERED**, that defendants' motion to dismiss is granted, and the complaint is dismissed in its entirety against defendants, with costs and disbursements to defendants as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of defendants; and it is further

**ORDERED**, that plaintiff's cross-motion to amend the complaint is denied.

158238/2023   CAIACCIA, LAUREN vs. NEW YORK CITY DEPARTMENT OF EDUCATION ET AL        Page 13 of 14
  Motion No.  002

13 of 14

This constitutes the Decision and Order of the Court.

20250630103936ACHESLERBCE1D9C628014450A7D0CF9167C8A83A

**6/26/2025**
**DATE**

**ARIEL D. CHESLER, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |